# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

**AR RESOURCES, INC.**

      Plaintiff,

*~ against ~*

**ACCOUNTS RECEIVABLE RESOURCES, INC.**
   *also known as* **AR RESOURCES, INC.**;

**ROBERT ALFORD**;

**TIM KLEPPICK**; *and*

**MARK MACRONE**,

      Defendants.

_____/

3:23-CV-540-BJN-LLL

**ORIGINAL COMPLAINT**

2023 MAY -5  AM 10: 32
CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
JACKSONVILLE FLORIDA
FILED

## ORIGINAL COMPLAINT

    **NOW COMES** Plaintiff **AR RESOURCES, INC.**, by and through their counsel, Baruch S. Gottesman, Esq., of GOTTESMAN LEGAL PLLC (*their Motion for Admission Pro Hac Vice submitted simultaneously with the filing of this Original Complaint*) with their Original Complaint against the Defendants **ACCOUNTS RECEIVABLE RESOURCES, INC.** *also known as* **AR RESOURCES, INC.**; **ROBERT ALFORD**; **TIM KLEPPICK**; *and* **MARK MACRONE** and does respectfully allege as follows:

### A.      NATURE OF THE CASE

    1.    Florida rejected the Defendants' efforts to incorporate here under the name "AR Resources, Inc." Secretary Cobb advised the Defendants that the name was unavailable because "it is the same as, or is not distinguishable from the name of [Plaintiff]".

2.    Only with Defendants' commitment to operate in Florida under the name "Accounts Receivable Resources, Inc." were Defendants authorized to transact business here.

3.    Only under that authorized name – Accounts Receivable Resources, Inc. – the Defendants obtained a license to operate a consumer collection agency.

4.    This Complaint alleges that in violation of their limited authority to transact business and engage in consumer collections in Florida under the name Accounts Receivable Resources, Inc., the Defendants engaged in intense consumer collections under the name of, infringing the Trademark of, and while impersonating the Plaintiff AR Resources, Inc.

5.    This was no "victimless crime".

6.    It seems that thousands of Floridians were subject to life-altering harassment and consumer collections activity under false and misleading representations about the identity of their collector.  The Defendants' collections activity under an unauthorized name was a not a *bona fide* error other otherwise excusable, as will be fully explored in the Fair Debt Collection Practices Act claims by the victims of Defendants' consumer collections improperly conducted under the name "AR Resources, Inc.".

7.    Florida medical facilities, which provide life-saving care and intend to resolve outstanding invoices with their patients professionally and in compliance with the law would be shocked to learn that Defendants engaged in collections activity inappropriately.

8.    But this case is not about breach of contract or the FDCPA.  This case narrowly addresses the direct harm suffered by the Plaintiff AR Resources, Inc., which has seen its common law trademark diluted, been subject to a barrage of misdirected lawsuits by victimized consumers, and – because of Defendants' deceptive and unfair trade practices – faced and faces extreme headwinds in attempting to develop its business in competition with the Defendants.

9.    Plaintiff made every effort to resolve this matter directly with the Defendants including a last-ditch Cease and Desist sent in late April that invited the Defendants to resolve this matter without the need for legal proceedings.

10.    Defendants' unwillingness to amicably resolve this dispute has left Plaintiff with no option but to seek judicial intervention in the nature of a preliminary and permanent injunction against the Defendants misuse of the Plaintiff's trademark and corporate name in Florida; an order that Defendants formally notify in writing everyone in Florida with whom it transacted that Defendants are not "AR Resources, Inc."; an Order that Defendants finance the defense of any and all motion practice and other legal costs and expenses borne by the Plaintiff because of the Defendants misuse of Plaintiff's name in Florida consumer collections activity; and damages in an amount to be determined at trial but in no event less than five hundred thousand United States dollars ($500,000.00).

11.    In support of their claim, the Plaintiff respectfully submits the following:


B.    **PARTIES**

i.    ***Plaintiff***

12.    Plaintiff **AR RESOURCES, INC.** is a corporation organized and existing under Florida law, whose principal place of business is here at Jacksonville in the County of Duval in this District.

13.    AR Resources, Inc. was incorporated in February 2001 and has maintained its corporate status with Florida since that time.

14.    Annexed as **Exhibit A** is a complete, true and accurate copy of the Articles of Incorporation as accepted for filing by the Florida Secretary of State on February 7, 2001. A

direct link to the filing is available at this url: https://search.sunbiz.org/Inquiry/CorporationSearch/ ConvertTiffToPDF?storagePath=COR%5C2001%5C0208%5C70633137.tif&documentNumber =P01000014127.

15.     Annexed as **Exhibit B** is a complete, true and accurate screenshot of the Sunbiz (Florida Secretary of State website) as of April 24, 2023, showing the consistent maintenance of the corporate status of AR Resources, Inc. A direct link to the listing is available by searching under Document Number: P01000014127 at https://search.sunbiz.org/Inquiry/ CorporationSearch/ByDocumentNumber.

16.     Plaintiff AR Resources, Inc. obtained licensure with the Florida Office of Financial Regulation's predecessor on February 2001 and – with a short gap because of an administrative snafu –has maintained its licensure as a consumer collections agency.

17.     Annexed as **Exhibit C** are complete, true and accurate screenshots from the Office of Financial Regulation Regulatory Enforcement and License program ("REAL System") showing the Plaintiff's Consumer Collection Agency Licensure under License numbers CCA0901028 and CCA9904811.

18.     Plaintiff publicly engaged in commercial collections in Florida under the AR Resources, Inc. license and mark since 2001. An early example of the public-facing use of the AR Resources, Inc. in marketing its business includes its website, an early example of which was captured by Archive.org as early as 2004.

19.     Annexed as **Exhibit D** is a complete, true and accurate screenshot from Archive.org (known as the "Wayback Machine") of http://www.arresources.net/ showing public use of the Mark, and available online at https://web.archive.org/web/20040612203031/http:// www.arresources.net/.

ii.    _Defendants_

20.    Defendant **Accounts Receivable Resources, Inc.** is a Corporation organized and existing under Pennsylvania law, whose principal place of business is at Blue Bell in the County of Montgomery in the Commonwealth of Pennsylvania.

21.    Accounts Receivable Resources, Inc. incorporated in the Keystone State on November 7, 2002 under the name AR Resources, Inc. – no connection to the Plaintiff.

22.    In the Summer of 2006, the Defendants applied to transact business in Florida under the name AR Resources, Inc.

23.    The Florida Department of State rejected Defendants' request.

24.    Secretary Cobb directed that "[t]he name designated in your [Application by Foreign Corporation for Authorization to Transact Business in Florida] is unavailable since it is the same as, or it is not distinguishable from the name of an existing entity", and on that basis she rejected Accounts Receivable Resources, Inc.'s application to transact business in Florida.

25.    Annexed as **Exhibit F** is a complete, true and accurate copy of Accounts Receivable Resources, Inc.'s Application to Transact Business in Florida that includes the rejection described in the prior paragraph.

26.    On August 14, 2006, the Defendants again applied to conduct business in the State of Florida under the name Accounts Receivable Resources, Inc. which was duly accepted, _See_ Exhibit E.

27.    Plaintiff Accounts Receivable Resources, Inc. obtained licensure with the Florida Office of Financial Regulation in February 2010, which – with a short gap in early 2011 – has been maintained through the present.

28.    Annexed as **Exhibit G** are complete, true and accurate screenshots from the REAL System showing Accounts Receivable Resources, Inc. Consumer Collection Agency Licensure under License numbers CCA9901714 and CCA9902156.

29.    To summarize the corporate history (and the relative timing of the filings showing Plaintiff to be first in time with respect to their Florida corporate status and licensure), and conduct of consumer collections in the Sunshine State, please see the following chart:

*[Remainder of Page Intentionally Left Blank]*



Chart 1: Corporate Histories of AR Resources, Inc. and Accounts Receivable Resources, Inc.

30.     Defendants **ROBERT ALFORD**, **TIM KLEPPICK**, and **MARK MACRONE** are natural persons who, upon information and belief, are resident at Montgomery County in the State of Pennsylvania and are not resident at or citizens of Florida.

31.     Upon information and belief, Messrs. Alford, Keppick and Macrone are each corporate officers, managers, and the sole owners of co-Defendant Accounts Receivable Resources, Inc.  Where appropriate in this Original Complaint, these individuals are referred to as the "Individual Defendants".

32.     According to Accounts Receivable Resources, Inc.'s filings with the Secretary of the Commonwealth of Pennsylvania, the individual Defendants hold the following corporate roles with Accounts Receivable Resources, Inc.:

| Name | Title |
|------|-------|
| Robert Alford | Treasurer |
| Timothy Kleppick | Vice President |
| Mark Macrone | President |

Chart 2: Corporate Roles of the Individual Defendants

### iii.    *Defendants' Co-Liability*

33.     Accounts Receivable Resources, Inc. and each of the Individual Defendants face liability for their actions and their failures to act, as described in this Original Complaint.

34.     Upon information and belief, at all times relevant to the acts and omissions that gave rise to this Original Complaint, Accounts Receivable Resources, Inc. had no independent existence:  its sole owners and operators were the Individual Defendants who used the corporate form to intentionally and knowingly commit the torts described in this Original Complaint.

35.     Upon information and belief, at all times relevant to this Original Complaint the Individual Defendants served as the sole corporate decision makers of Accounts Receivable Resources, Inc. and coordinated the activities of the Defendants.

36.     The disregard of the corporate form and abuse of the corporate form for an illegal and fraudulent purpose by the Individual Defendants had a causal relationship to Plaintiff's damages because the Individual Defendants personally, knowingly and intentionally engaged in the violation of the Plaintiff's trademarks and other tortious acts and omissions complained of in this Original Complaint.

37.     Additionally and/or in the alternative, upon information and belief, at all times relevant to the acts and omissions that gave rise to this Complaint, the Defendants had express authority to act as each other's agents when they violated the Plaintiff's trademark and otherwise violated the Plaintiff's rights by engaging in the wrongdoing and all other activities related to the allegations described in this Original Complaint.

38.     Additionally and/or in the alternative, upon information and belief, at all times relevant to the acts and omissions that gave rise to this Original Complaint, Defendants were under common control, were affiliates, parent and subsidiary companies, agents, representatives, co-venturers, and otherwise alter-egos of one another.

39.     In addition, the Defendants are in possession of the full information about their relationship with one another and their co-liability.  Therefore Plaintiff respectfully reserves the right to seek leave, to the extent leave is required, to file an Amended Complaint further detailing the Parties' relationship and co-liability for the tortious activity described in this Original Complaint.

## C.    JURISDICTION AND VENUE

40.    This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1332 because the amount in dispute exceeds the sum of seventy-five thousand United States dollars ($75,000.00), exclusive of interest and costs, and there is complete diversity of citizenship between the Plaintiff and the Defendants.

41.    The Plaintiff is a Florida Corporation and not a citizen of any other State, while all of the Defendants are citizens and residents of Pennsylvania and not of any other State.

42.    In addition, this Court has subject matter jurisdiction over this dispute pursuant to 15 U.S.C. § 1125(a) and other relevant provisions of the Lanham Act and the other causes of action based on federal law.

43.    Further, this Court has supplemental jurisdiction over the related causes of action pursuant to 28 U.S.C. § 1367 because those supplemental state claims are so related to the claims in this action that are within this Court's original jurisdiction that they form part of the same case or controversy under Article III of the Constitution.

44.    Defendants committed the torts against the Plaintiff in the State of Florida and intentionally directed their tortious activities at the State of Florida.

45.    In addition, Defendant Accounts Receivable Resources, Inc. filed for foreign registration in the State of Florida and thereby subjected itself to the jurisdiction of the Courts of this State.

46.    At no time have the Parties entered into any Arbitration Agreement or other agreement that includes a binding arbitration clause that covers the dispute between these Parties at issue in this Original Complaint.

47.    At no time, have the Parties entered into any Settlement Agreement addressing or compromising on the claims described in this Original Complaint.

48.    The liability described in this lawsuit accrued before the expiration of any relevant Statute of Limitations.

49.    Plaintiff has notified the Defendants of their obligation to cease and desist from infringing conduct and of the claims in this Original Complaint.    Notwithstanding the Plaintiff's extensive efforts to resolve this matter amicably with the Defendants, the Defendants persist in their intentional infringing activities and have failed to engage on the issues raised here.

50.    Plaintiff's decision to file this sort was a last resort, when the Defendants actions made clear that judicial intervention was necessary to stop further infringement.

51.    The Plaintiff acted expeditiously when they learned of the infringement described in this Original Complaint, sending the Cease and Desist within a week of learning of the violations and filing suit immediately when the Plaintiff learned that the Defendants would not cooperate.

52.    Any and all conditions precedent to the filing of this suit have been satisfied.

## FACTUAL BACKGROUNDS

### i.    *AR Resources, Inc.*
*Incorporates and Acquires a Common Law Trademark to its Name*

53.    Since its incorporation in 2001, the Plaintiff acted as a consumer collections agency in the State of Florida.

54.    Plaintiff attained renown in the Sunshine State for its professional, modern practices, in addition to its corporate status and licensure under the name AR Resources, Inc.

55.     Within the State of Florida, AR Resources, Inc. became widely known and called upon by elite medical service clients to resolve outstanding invoices with patients.

56.     Such resolutions require extreme sensitivity; a finely-tuned sense of empathy for the debtors; professionalism, knowledge of and compliance with the extensive federal and state rules and regulations that govern consumer collections.

57.     AR Resources, Inc. remained incorporated and in good standing, and fully licensed as a consumer collections agency since 2001 through the filing of this lawsuit (except for a short gap period of its licensure because of an administrative snafu).

58.     At all times relevant to this Original Complaint, Defendants had actual knowledge of Plaintiff's trademark and its business of consumer collections for medical service providers in Florida.

*ii.*     ***Accounts Receivable Resources, Inc.***
    ***Enters Florida and Commits Itself***
    ***to Transact Business in Florida***
    ***without Infringing Plaintiff's Name and Trademark***

59.     Accounts Receivable Resources, Inc. incorporated in 2002 in Pennsylvania.

60.     In 2006 it entered into business in the State of Florida.

61.     In doing so, the Defendants subjected themselves to the rules and regulations that govern the transaction of business in Florida, and the heavily regulated business of consumer collections in particular.

62.     As described above, Accounts Receivable Resources, Inc. was denied the right to transact business in Florida under the name AR Resources, Inc. for the specific reason that their name would be confusingly similar to the Plaintiff.

63.    Under Florida law:

"A foreign corporation whose name is unavailable under or whose name does not otherwise comply with [the law] shall use an alternate name that complies with [the law] to transact business in this state." Florida Statutes § 607.1506(1).

. . .

"So long as a foreign corporation maintains a certificate of authority with an alternate name, a foreign corporation shall transact business in this state under the alternate name unless the corporation is [otherwise] authorized . . . to transact business in this state under another name.

. . .

"If a foreign corporation authorized to transact business in this state changes its corporate name to one that does not comply with [the law] it may not thereafter transact business in this state until it complies with subsection (1) and obtains an amended certificate of authority . . . ."

Florida Statutes § 607.1506(1)(3) and (4).

64.    This is consistent with Florida Statutes § 607.0403 (Registered name), which only allows a foreign corporation to register under its original name if, and only if, "the name is distinguishable upon the records of the department from the corporate names that are not available under § 607.0401(1)(d)."

65.    In addition, as a licensed consumer collections agency in Florida, Accounts Receivable Resources, Inc., its employees and agents are prohibited from "[r]efus[ing] to provid[e]]identification of herself or himself or her or his employer or other entity whom she or he represents if required to do so . . . .," Florida Statutes § 559.72(15), engage in "misrepresentation . . . in a collection transaction," Florida Statutes § 559.730(1)(b); *or* "[c]ommi[t] . . . misrepresentation . . . ." Florida Statutes § 559.730(1)(c).

66.    Upon information and belief, at all times relevant to this Original Complaint, the Defendants had actual knowledge of the Plaintiff's trademark and corporate status in Florida. The basis for the belief described in the prior paragraph includes, but is not limited to: (i.) the prominent status of AR Resources, Inc. in Florida; (ii.) AR Resources, Inc.'s prominent website (at a relatively early time in internet development); (iii.) AR Resource, Inc.'s corporate status; (iv.) AR Resource, Inc.'s consumer collections agency license under its corporate name and trademark; and (v.) Accounts Receivable Resources, Inc. failed efforts to register as a foreign corporation in the State of Florida under Plaintiff's name.

67.    In addition, the Plaintiff also notified the Defendants in writing at least twice about Defendants infringement and demanded that the Defendants immediate cease and desist from misuse of the Plaintiff's name and trademark.

68.    To summarize: When Accounts Receivable Resources, Inc. elected to come to Florida and engage in the heavily regulated consumer collections business, and intrude on the Plaintiff's trademark – they subjected themselves to a host of rules and regulations; which were violated wholesale through its misuse of Plaintiff's name.

69.    Without limitation to other violations, the Accounts Receivable Resources, Inc.'s misrepresentations that it was in fact AR Resources, Inc. violated a score of Florida Statutes, infringed on the Plaintiff's existing common law trademark and corporate name and otherwise were actionable torts under a number of theories of liability.

*iii.*    ***Accounts Receivable Resources, Inc.***
***Transacts Commercial Collections***
***in Florida to Plaintiff's Injury***

70.    Notwithstanding the express commitment by Defendant Accounts Receivable Resources, Inc. to Secretary Cobb that it would not conduct business in Florida under the Plaintiff's corporate name; and notwithstanding the Plaintiff's well-known trademark in this State; and notwithstanding Accounts Receivable Resources, Inc.'s obligations under its license to not misrepresent its corporate name in Florida – Accounts Receivable Resources, Inc. has transacted consumer collections in Florida as AR Resources, Inc. thereby causing Plaintiff's injury.

71.    These violations have been systematic.  While we will highlight a few illustrative examples below, they indicate that in violation of their obligations and Plaintiff's rights, the Defendant Accounts Receivable Resources, Inc. consistently conducted business in Florida under Plaintiff's name in infringement of Plaintiff's trademark, causing Plaintiff massive injury.

72.    Here's one example that is instructive of how the scheme worked.

73.    On March 15, 2021, Defendant Accounts Receivable Resources, Inc. engaged in consumer collection activity against a Florida resident.  Annexed as **Exhibit H** is a complete, true and accurate copy of the "form letter" sent by Defendant Accounts Receivable Resources, Inc. to a Florida consumer, as annexed as an Exhibit to the Complaint in the matter of Tsigrinskaja v. AR Resources, Inc., *et ano.*, Case No. 8:22-cv-00837 (M.D. Florida).

74.    The form letter shown at Exhibit H is self-explanatory, but we will highlight the following:

a.    The form letter includes the following distinctive name:



Illustration 1 – Logo used by Defendant Accounts Receivable Resources, Inc
in Consumer Collections transactions in Florida

b.    The form letter directed a Florida consumer to remit payment to:



Illustration 2 – Identity of where Payments are to be made by Florida Consumers
on Defendant Accounts Receivable Resources, Inc.'s "form letters"

c.    The letter includes the following information on the return slip:

AR Resources, Inc.
PO Box 1056
Blue Bell PA 19422-0287

Illustration 3 – Identity of where Payments are to be made by Florida Consumers
on Defendant Accounts Receivable Resources, Inc.'s "form letters"

75.    Upon information and belief there are thousands – if not tens of thousands

– of Florida consumers with whom the Defendant Accounts Receivable Resources, Inc. transacted

under the Plaintiff's name.

76.    The injury to Plaintiff has been enormous.

77.    As a single example of the obvious infringement and the damage caused to

the Plaintiff, we respectfully highlight the following in the Complaint in the matter of Tsigrinskaja

v. AR Resources, Inc., et ano., Case No. 8:22-cv-00837 (M.D. Florida).  A true, accurate and

complete copy of the Complaint with its exhibits is annexed as **Exhibit I** and incorporated in full by reference.

       78.    In that Complaint, the Plaintiff alleged:

> 9.    Defendant, AR RESOURCES, INC., (hereinafter "ARR") is a collections and compliance company based in Pennsylvania and Florida with a registered agent listed as Eric P. Rose at 3107 Spring Glen Rd 214, Jacksonville, FL 32207.

Illustration 4 – Allegations about Plaintiff in the <u>Tsigrinskaja v. AR Resources, Inc.</u> Complaint

       79.    The <u>Tsigrinskaja</u> Complaint makes outrageous allegations against the Plaintiff (meaning AR Resources, Inc., the Plaintiff in this case) including false claims that Plaintiff made false, deceptive and misleading allegations, that Plaintiff violated the FDCPA, the Florida FCCPA, and other rules.

       80.    Were any of these allegations true, the Plaintiff would be guilty of the highest crimes possible by a consumer collections agency and would jeopardize the Plaintiff's licensure.

       81.    But in fact those allegations have been mis-directed at the Plaintiff because of the trademark infringement and other violations by the Defendants.

       82.    Even if the <u>Tsigrinskaja</u> Complaint was dismissed or settled, the mere accusations are like 'ringing a bell' which cannot now be unrung and has caused immense reputational damage to the Plaintiff.  Plaintiff now has a much harder time when due diligence is engaged in by potential customers, when it applies to obtain property and casualty insurance, for it to continue to be licensed, to obtain business credit, and engage in transactions with third parties.

       83.    In short, Defendant Accounts Receivable Resources, Inc.'s misuse of the Plaintiff's name in violation of the Plaintiff's trademark, Florida law, and the Florida Deceptive

and Unfair Trade Practices Act has caused and will continue to cause irreparable damage to the Plaintiff if not enjoined.

84.    To emphasize, the <u>Tsigrinskaja</u> Complaint is just one of a large number of legal actions (and threatened legal actions) that caused irreparable damage to the Plaintiff.  These suits, subpoenas and threatened suits in a host of cases that include, but not are not limited to:

(i.)    <u>Messing v. AR Resources, Inc.</u>

(ii.)    <u>Dianna Fleshman v. AR Resources, Inc.</u>

(iii.)    <u>Valdes v. AR Resources, Inc.</u>

(iv.)    <u>Michael J. Pena v. Blue Martini Tampa, Inc., et al.</u>

(v.)    <u>Chana Fulop v. AR Resources, Inc.</u>

85.    Just last week, the Plaintiff received a "Final Notice" from the Better Business Bureau (BBB) of Northeast Florida & Southeast Atlantic about a consumer dispute which – once again – involved a transaction by the Defendants under the Plaintiff's name with a Florida consumer.

86.    The internet is littered with false complaints by Florida consumers about alleged wrongdoing by the Plaintiff – which false complaints would not have been made if the Defendants did not violate Plaintiff's trademark and corporate name.

87.    Plainly, the Plaintiff has suffered and will continue substantial damage if the Defendants are not enjoined from further violations of the Plaintiff's Trademark and corporate impersonation.

**AND FOR THE FIRST CAUSE OF ACTION**
(Federal Common Law Trademark Infringement, including false designation of origin, unfair competition, and corporate impersonation pursuant to 15 U.S.C. § 1125, *et seq.*)
(Plaintiff against all Defendants)

88.    Each of the foregoing paragraphs is repeated, realleged and incorporated by reference as if set forth fully here.

89.    Plaintiff had the sole common law trademark rights to the use of the name "AR Resources, Inc." in the consumer collections agency services industry in the State of Florida.

90.    The Plaintiff began to use the name in commerce in 2001 when it incorporated and obtained licensure as a consumer collections agency. With a short administrative gap, the Plaintiff has remained in good standing with the State of Florida and the relevant licensing authority.

91.    Plaintiff was an early adopter of the internet and as shown above, since at least 2004 has maintained publicly accessible websites that identified the consumer collections services it provided to consumers, potential customers, and other interested parties.

92.    Within Florida, Plaintiff's trademark for the conduct of consumer collections agency services was well-known.

93.    At no time were the Defendants lawfully permitted to conduct business in the State of Florida, nor to engage in consumer collections agency services under the name "AR Resources, Inc."

94.    While not authorized to do so and in violation of the Plaintiff's Mark, the Defendants used the mark and name "AR Resources, Inc." when engaged in consumer collections agency services.

95.    This infringement occurred despite the Defendants' actual notice of the Plaintiff's use of the Mark and Name in their consumer collections agency services; despite the

express direction by the Secretary of State that Defendants may not conduct business in Florida under the name "AR Resources, Inc."; and even though the Defendants were only licensed to engage in consumer collections agency services in Florida under the name Accounts Receivable Resources, Inc. *and not as* "AR Resources, Inc.".

96.    Defendants misuse of the "AR Resources, Inc." name and mark was false and misleading, because it implied that it was the Plaintiff and that it was authorized to conduct business and engage in consumer collections agency services in Florida under the name AR Resources, Inc.

97.    Defendants' misuse of the "AR Resources, Inc." was likely to cause confusion and did cause confusion among recipients of the Defendants' collections targets, and caused recipients of the Defendants' collections targets to mistakenly identify the Plaintiff as the collector, and deceived collections targets about the identity of the collector.

98.    The allegations about the likelihood of confusion and related claims is irrefutably evidenced by the complaints, lawsuits, subpoenas, BBB filings and other formal and informal process initiated against the Plaintiff for consumer collections agency services conducted by the Defendants.

99.    In addition, upon information and belief, the Defendants represented to its customers that it was licensed to conduct business in the State of Florida under the name AR Resources, Inc., and that customers mistakenly believed that the Plaintiff's consumer collections agency services license was held by the Defendants.

100.    All of these infringements directly and proximately caused massive damages to the Plaintiff including but not limited by wrongfully implying that the Plaintiff was responsible for the collections, by triggering innumerable misdirected lawsuits and other process

against the Plaintiff, interference with the Plaintiff's ability to solicit further business in Florida, and other damages to be proven at trial but in no event less than five hundred thousand United States dollars ($500,000.00).

### AS AND FOR THE SECOND CAUSE OF ACTION
(Infringement of Plaintiff's Common Law Trademark under Florida Law)
(Plaintiff against all Defendants)

101.    Each of the foregoing paragraphs is repeated, realleged and incorporated by reference as if set forth fully here.

102.    Plaintiff had the sole common law trademark rights to the use of the name "AR Resources, Inc." in the consumer collections agency services industry in the State of Florida.

103.    The Plaintiff began to use the name in commerce in 2001 when it incorporated and obtained licensure as a consumer collections agency. With a short administrative gap, the Plaintiff has remained in good standing with the State of Florida and the relevant licensing authority.

104.    Plaintiff was an early adopter of the internet and as shown above, since at least 2004 has maintained publicly accessible websites that identified the consumer collections services it provided to consumers, potential customers, and other interested parties.

105.    Within Florida, Plaintiff's trademark for the conduct of consumer collections agency services was well-known.

106.    At no time were the Defendants lawfully permitted to conduct business in the State of Florida, nor to engage in consumer collections agency services under the Mark or name "AR Resources, Inc."

107.    While not authorized to do so and in violation of the Plaintiff's Mark, the Defendants used the word and name "AR Resources, Inc." when it engaged in consumer collections services.

108.    This infringement occurred despite the Defendants' actual notice of the Plaintiff's use of the Mark and Name in their consumer collections agency services; despite the express direction by the Secretary of State that Defendants may not conduct business in Florida under the name "AR Resources, Inc."; and even though the Defendants were only licensed to engage in consumer collections agency services in Florida under the name Accounts Receivable Resources, Inc. and not as "AR Resources, Inc.".

109.    Defendants misuse of the "AR Resources, Inc." name and mark was false and misleading, because it implied that it was the Plaintiff and that it was authorized to conduct business and engage in consumer collections agency services in Florida under the name AR Resources, Inc.

110.    Defendants' misuse of the "AR Resources, Inc." was likely to cause confusion and did cause confusion among recipients of the Defendants' collections targets, and caused recipients of the Defendants' collections targets to mistakenly identify the Plaintiff as the collector, and deceived collections targets about the identity of the collector.

111.    The allegations about the likelihood of confusion and related claims is irrefutably evidenced by the complaints, lawsuits, subpoenas, BBB filings and other formal and informal process initiated against the Plaintiff for consumer collections agency services conducted by the Defendants.

112.    In addition, upon information and belief, the Defendants represented to its customers that it was licensed to conduct business in the State of Florida under the name AR

Resources, Inc., and that customers mistakenly believed that the Plaintiff's consumer collections agency services license was held by the Defendants.

113.    All of these infringements directly and proximately caused massive damages to the Plaintiff including but not limited by wrongfully implying that the Plaintiff was responsible for the collections, by triggering innumerable misdirected lawsuits and other process against the Plaintiff, interference with the Plaintiff's ability to solicit further business in Florida, and other damages to be proven at trial but in no event less than five hundred thousand United States dollars ($500,000.00).

### AS AND FOR THE THIRD CAUSE OF ACTION
(Unfair Competition under Florida Common Law)
(Plaintiff against all Defendants)

114.    Each of the foregoing paragraphs is repeated, realleged and incorporated by reference as if set forth fully here.

115.    Defendants engaged in deceptive and fraudulent conduct by: (i.) unlawfully; (ii.) in breach of the express direction of the Secretary of State: (iii.) in violation of Florida Statutes that prohibit the conduct of a foreign corporation in the Sunshine State under an unauthorized name; (iv.) in violation of the terms of their consumer collections agency license; (v.) in violation for the Florida Statutes that prohibit misrepresentations in the conduct of consumer collections activities; and (vi.) through the infringement of the Plaintiff's Name and Mark; engaged in business transactions and consumer collections activities in the State of Florida.

116.    Defendants' deceptive and fraudulent conduct of business and consumer collections under the name "AR Resources, Inc." was likely to cause confusion and did cause confusion among recipients of the Defendants' collections targets, and caused recipients of the

Defendants' collections targets to mistakenly identify the Plaintiff as the collector, and deceived collections targets about the identity of the collector.

117.    The allegations about consumer confusion and related claims is irrefutably evidenced by the complaints, lawsuits, subpoenas, BBB filings and other formal and informal process initiated against the Plaintiff for consumer collections agency services conducted by the Defendants.

118.    In addition, upon information and belief, the Defendants represented to its customers that it was licensed to conduct business in the State of Florida under the name AR Resources, Inc., and that customers mistakenly believed that the Plaintiff's consumer collections agency services license was held by the Defendants.

119.    All of this conduct directly and proximately caused massive damages to the Plaintiff including but not limited by wrongfully implying that the Plaintiff was responsible for the collections, by triggering innumerable misdirected lawsuits and other process against the Plaintiff, interference with the Plaintiff's ability to solicit further business in Florida, and other damages to be proven at trial but in no event less than five hundred thousand United States dollars ($500,000.00).

### AS AND FOR THE FOURTH CAUSE OF ACTION
(Florida Deceptive and Unfair Trade Practices Act Claim)
(Plaintiff against all Defendants)

120.    Each of the foregoing paragraphs is repeated, realleged and incorporated by reference as if set forth fully here.

121.    Defendants engaged in deceptive and fraudulent practice by: (i.) unlawfully; (ii.) in breach of the express direction of the Secretary of State: (iii.) in violation of Florida Statutes

that prohibit the conduct of a foreign corporation in the Sunshine State under an unauthorized name; (iv.) in violation of the terms of their consumer collections agency license; (v.) in violation for the Florida Statutes that prohibit misrepresentations in the conduct of consumer collections activities; and (vi.) through the infringement of the Plaintiff's Name and Mark; engaged in business transactions and consumer collections activities in the State of Florida.

122.    Defendants' deceptive and fraudulent conduct of business and consumer collections under the name "AR Resources, Inc." was likely to cause confusion and did cause confusion among recipients of the Defendants' collections targets, and caused recipients of the Defendants' collections targets to mistakenly identify the Plaintiff as the collector, and deceived collections targets about the identity of the collector.

123.    The allegations about consumer confusion and related claims is irrefutably evidenced by the complaints, lawsuits, subpoenas, BBB filings and other formal and informal process initiated against the Plaintiff for consumer collections agency services conducted by the Defendants.

124.    In addition, upon information and belief, the Defendants represented to its customers that it was licensed to conduct business in the State of Florida under the name AR Resources, Inc., and that customers mistakenly believed that the Plaintiff's consumer collections agency services license was held by the Defendants.

125.    All of this conduct directly and proximately caused massive actual damages to the Plaintiff including but not limited by wrongfully implying that the Plaintiff was responsible for the collections, by triggering innumerable misdirected lawsuits and other process against the Plaintiff, interference with the Plaintiff's ability to solicit further business in Florida, and other

damages to be proven at trial but in no event less than five hundred thousand United States dollars ($500,000.00).

## AS AND FOR THE FIFTH CAUSE OF ACTION
(Defamation)
(Plaintiff against All Defendants)

126.    Each of the foregoing paragraphs is repeated, realleged and incorporated by reference as if set forth fully here.

127.    The Plaintiff published statements to Tsigrinskaja and thousands of others Floridians that "AR Resources, Inc." demanded payment.

128.    Those statements were false.

129.    As described above, the Plaintiff has been subject to a tsunami of complaints, lawsuits, subpoenas, BBB filings and other formal and informal process initiated against the Plaintiff because of the Defendants' false statements to third parties that AR Resources, Inc. was engaged in collections against them.

130.    All of this conduct directly and proximately caused massive actual damages to the Plaintiff including but not limited by wrongfully implying that the Plaintiff was responsible for the collections, by triggering innumerable misdirected lawsuits and other process against the Plaintiff, interference with the Plaintiff's ability to solicit further business in Florida, and other damages to be proven at trial but in no event less than five hundred thousand United States dollars ($500,000.00).

**AS AND FOR THE SIXTH CAUSE OF ACTION**
(Trade Libel)
(Plaintiff against All Defendants)

131.    Each of the foregoing paragraphs is repeated, realleged and incorporated by reference as if set forth fully here.

132.    The Plaintiff published statements to Tsigrinskaja and thousands of others Floridians that "AR Resources, Inc." demanded payment.

133.    Those statements were false.

134.    Defendants knew or reasonably should have known that claiming AR Resources, Inc. was engaged in collections (when it was not) would likely result in inducing others to not deal with the Plaintiff including potential customers, and the consumers themselves who would not want to respond to further legitimate collections notices under the AR Resources, Inc. Mark that may be done by the Plaintiff.

135.    The falsehoods in fact did play a material and substantial role in inducing others to not deal with Plaintiff, including through the publication on BBB and many other websites claims about "AR Resources, Inc." collections practices in the State of Florida.

136.    Plaintiff suffered to specific damages that included a tsunami of complaints, lawsuits, subpoenas, BBB filings and other formal and informal process initiated against the Plaintiff because of the Defendants' false statements to third parties that AR Resources, Inc. was engaged in collections against them.

137.    All of this conduct directly and proximately caused massive actual damages to the Plaintiff including but not limited by wrongfully implying that the Plaintiff was responsible for the collections, by triggering innumerable misdirected lawsuits and other process against the Plaintiff, interference with the Plaintiff's ability to solicit further business in Florida, and other

damages to be proven at trial but in no event less than five hundred thousand United States dollars ($500,000.00).

## AS AND FOR THE SEVENTH CAUSE OF ACTION
(Injurious Falsehood)
(Plaintiff against All Defendants)

138.    Each of the foregoing paragraphs is repeated, realleged and incorporated by reference as if set forth fully here.

139.    The Plaintiff published statements to Tsigrinskaja and thousands of others Floridians that "AR Resources, Inc." demanded payment.

140.    Those statements were false.

141.    Those false statements were made with malice (or at least negligently), as evidenced by the Defendants' actual knowledge that the transaction of any business and consumer collections activity in Florida under the "AR Resources, Inc." was strictly prohibited.

142.    As described above, the Plaintiff has been subject to a tsunami of complaints, lawsuits, subpoenas, BBB filings and other formal and informal process initiated against the Plaintiff because of the Defendants' false statements to third parties that AR Resources, Inc. was engaged in collections against them.

143.    All of this conduct directly and proximately caused massive actual damages to the Plaintiff including but not limited by wrongfully implying that the Plaintiff was responsible for the collections, by triggering innumerable misdirected lawsuits and other process against the Plaintiff, interference with the Plaintiff's ability to solicit further business in Florida, and other damages to be proven at trial but in no event less than five hundred thousand United States dollars ($500,000.00).

**AS AND FOR THE SEVENTH CAUSE OF ACTION**
Tortious Interference with a Business Relationship or Contract
(Plaintiff against all Defendants)

144.    Each of the foregoing paragraphs is repeated, realleged and incorporated by reference as if set forth fully here.

145.    Plaintiff had and has business relationships with Floridians across the state, with which the Plaintiff engages in consumer collections activities.

146.    Plaintiff had an has business relationships with clients across the State of Florida.

147.    Defendants had actual knowledge of the Plaintiff's relationships with consumers and customers.

148.    Defendants intentionally and unjustifiably interfered with the Plaintiff's relationships by engaging in unlicensed and unauthorized collections activity in Florida, including activity which caused the Plaintiff to be subject to eye-popping slander by consumers who mistakenly accused Plaintiff for the Defendants' wrongdoing.

149.    As described above, the Plaintiff has been subject to a tsunami of complaints, lawsuits, subpoenas, BBB filings and other formal and informal process initiated against the Plaintiff because of the Defendants' false statements to third parties that AR Resources, Inc. was engaged in collections against them.

150.    All of this conduct directly and proximately caused massive actual damages to the Plaintiff including but not limited by wrongfully implying that the Plaintiff was responsible for the collections, by triggering innumerable misdirected lawsuits and other process against the Plaintiff, interference with the Plaintiff's ability to solicit further business in Florida, and other

damages to be proven at trial but in no event less than five hundred thousand United States dollars ($500,000.00).

*[Remainder of Page Intentionally Left Blank]*

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays for Judgment as follows:

A.    An Interim and Permanent injunction that enjoins Defendants, their agents and employees, and all persons acting in concert or participation with Defendants, from any further infringement of the Plaintiff's service mark and corporate name in Florida;

B.    An Order that Defendants formally notify in writing everyone in Florida with whom it transacted and/or represented itself to be "AR Resources, Inc." that in fact the Defendant is not AR Resources, Inc., and not permitted to transact business under the name AR Resources, Inc., in Florida;

C.    An Order that Defendants finance the defense of any and all motion practice and/or other legal costs and expenses borne by the Plaintiff because of the Defendants misuse of Plaintiff's name in Florida consumer collections activity;

D.    Compensatory damages in an amount to be proven at trial but in no event less than five hundred thousand dollars ($500,000.00);

E.    Disgorgement of Defendants' ill-gotten profits arising from their misuse of the Plaintiff's good name;

F.    Additionally and in the alternative, reasonable royalty for the Defendant's exploitation of the Plaintiff's trademark and name;

G.    Awarding Plaintiff's legal fees;

H.    Providing Legal and Equitable Relief to which the Plaintiff is entitled; *and*

I.    Awarding Plaintiff such other relief as this Court may deem just and proper under the circumstances.

**PLAINTIFF RESPECTFULLY
DEMANDS TRIAL BY JURY BY THOSE ISSUES THAT ARE TRIABLE**

Dated: **May 4, 2023**

RESPECTFULLY SUBMITTED,

By: _____

Baruch S. Gottesman, Esq.
New York Bar No. 4480539
GOTTESMAN LEGAL PLLC
11 Broadway, Suite 615
New York, NY 10004
Phone: (212) 401-6910
Fax: (212) 859-7307
bg@gottesmanlegal.com
*Counsel for Plaintiff*
*Motion for Admission* Pro Hac Vice *Pending*