# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

**AR RESOURCES, INC.**

        Plaintiff,

    *~ against ~*

**ACCOUNTS RECEIVABLE RESOURCES, INC.**
    *also known as* **AR RESOURCES, INC.**;

**ROBERT ALFORD**;

**TIM KLEPPICK**; *and*

**MARK MACRONE,**

        Defendants.

_____/

**Case No.**  <u>3:23-cv-540-BJD-LLL</u>

### *[PROPOSED]* ORDER GRANTING THE
### PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION,
### AND TEMPORARY RESTRAINING ORDER

#### *SHORT VERSION*

    **THIS CAUSE** is before the Court on the Plaintiff's Motion for a Preliminary Injunction and Temporary Restraining Order (Doc. \_\_), and it is **ORDERED**:

    (i.)    Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction (Doc. \_\_\_\_) is **GRANTED**;

    (ii.)    Each of the Defendants, their agents and employees, and all persons acting in concert or participation with Defendants, are enjoined from any use of

the Plaintiff's trademark and corporate name when engaged in consumer collections or any other business activities in the State of Florida;

(iii.)   to ameliorate the immediate damage caused by the Defendants' infringement, within seven (7) business days from the date of this Order the Defendants shall formally notify in writing everyone in Florida with whom it transacted and/or represented itself to be "AR Resources, Inc." within the last 12 months (the statute of limitations on FDCPA claims) that in fact the Defendant was not and is not permitted to transact business under the name AR Resources, Inc., in Florida;

(iv.)   Given the nature of the interests involved, no bond shall be required to be posted by the Plaintiff before this Temporary Restraining Order is effective, *See* TracFone Wireless, Inc. v. Washington, 978 F.Supp.2d 1225, 1235 (M.D.Fla 2013);

(v.)   Defendants shall respond to the Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction or before May 19, 2023;

(vi.)   Plaintiff's may Reply to Defendants response on or before May 26, 2023;

(vii.)   The Court will hold a hearing on the Plaintiff's Motion for a Temporary Retraining Order and Preliminary Injunction on _____ at _____ in Courtroom 12C, 300 N. Hogan Street, Jacksonville in the County of Duval in the State of Florida.  This hearing shall be conducted to allow for video conferencing so that all participants may participate remotely and can see and hear and be seen and heard during the hearing;

(viii.)   The Hearing will be conducted in accordance with Rule 65 and Local Rule 4.06.  On or before _____, this Court or any Party may file a Notice to the Docket stating that they believe that the taking of live testimony is necessary at the hearing, and what witnesses may be called, and the nature of the testimony that the Court or the Parties seeks to elicit. Unless otherwise Noticed or Ordered pursuant to this Paragraph, the Hearing will be limited to the written submissions by the Parties and the arguments of Counsel; *and*

(ix.)   Plaintiff is ordered to serve a copy of this Order by Fedex 2-day delivery to the known addresses of the Defendants listed below and by e-mail to any of the Defendants' known addresses; and by e-mail on Counsel, if any, that appears for any of the Defendants or otherwise indicates that they will be representing the Defendants.

**DONE** and **ORDERED** in Jacksonville, Florida on this ___ day of May, 2023.


_____
BRIAN J. DAVIS
United States District Judge


*LONG VERSION*

**THIS CAUSE** is before the Court on the Plaintiff's Motion for a Preliminary Injunction and Temporary Restraining Order (Doc. __)

I.     **Procedural Background**

Plaintiff initiated this lawsuit with the docketing of the Original Complaint and accompanying Exhibits on May 5, 2023.  On May 11, 2023, the Plaintiff moved for a Preliminary Injunction and Temporary Restraining Order.  Service has been completed on the Corporate Defendants and all Defendants were notified of the Motion for a Preliminary Injunction and Temporary Restraining Order by serving all papers upon which the Motion was based by Fedex 2-day delivery to all Defendants' known addresses and by e-mail to all known addresses of the Defendants'.

## II.        Standard for Granting Preliminary Injunction

"For a district court to grant a preliminary injunction, the movant must establish: (1.) a substantial likelihood of success on the merits of the underlying case, (2) the movant will suffer irreparable harm in the absence of an injunction, (3) the harm suffered by the movant in the absence of an injunction would exceed the harm suffered by the opposing party if the injunction issued, and (4) an injunction would not disserve the public interest." Johnson & Johnson Vision Care, Inc. v. 1-800 Contacts, Inc., 299 F.3d 1242, 1246-47 (11th Cir. 2002); *see also* Fed.R. Civ. P. 65; Tinubu Sq. Arms. Inc. v. iGuarantee LLC, Case. No. 3:20-cv-880, 2020 U.S. Dist. LEXIS 202197 at *4-5 (M.D.Fla. Aug. 13, 2020)(Davis, District Judge Brian J.).

Based on the undisputed evidentiary record now before it, this Court finds as follows:

## III.       Findings on Each Element Required for a Preliminary Injunction to Issue

### (i.)      **Plaintiff is likely to succeed on the merits in the underlying case**

The relevant provision of the Lanham Act provides:

"(a) Civil action

"(1)    Any person on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—

"(A)    is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or

"(B)   in   commercial   advertising   or   promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,

"shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act."

Lanham Act, 11 U.S.C. § 1125(a), *et seq.*

In this Circuit:

"[t]o advance a well-pleaded complaint, the plaintiff must allege sufficient facts to show '(1) that it had trademark rights in the mark or name at issue and (2) that the other party had adopted a mark or name that was the same, or confusingly similar to its mark, such that consumers were likely to confuse the two.' "

<u>Land's End at Sunset Beach Cmty. Ass'n v. Land's End Acquisition Corp.</u>, Case No. 8:16-cv-828, 2016 U.S.Dist LEXIS 191616 at *20 (M.D.Fla. Nov. 7, 2016)(Kovachevich, District Judge Elizabeth) *citing* <u>Lone Star Steakhouse & Saloon, Inc. v. Longhorn Steaks, Inc.</u>, 106 F.3d 355, 358 (11th Cir. 1997) *opinion modified on reh'g* 122 F.3d 1379 (11th Cir. 1997).

In this Circuit, "marks that are capable of distinguishing the owner's [services] from those of other, i.e. that are sufficiently 'distinctive' are eligible for . . . protection as common law marks under the Lanham Act." <u>Tana v. Dantanna's</u>, 611 F.3d 767, 773 (11th Cir. 2010) *citing* <u>Two Pesos, Inc v. Taco Cabana</u>, 505 U.S. 763, 768 (1992); <u>Coach House Rest. Inc. v. Coach & Six Rests., Inc.</u>, 934 F.2d 1551, 1559 (11th Cir. 1991).  In this Circuit, "suggestive marks", meaning "marks that suggest characteristics of the product or service and require an effort of the imagination by the consumer in order to be understood as descriptive." <u>Gift v. Learning Found., Inc. v. TGC, Inc.</u>, 329 F.3d 792, 797, 98 (11th Cir. 2003) are inherently distinctive because "their intrinsic nature serves to identify a particular source of a product and are generally entitled to trademark protection", <u>Tana's</u>, *Id.* at 774 *citing* <u>Two Pesos</u>, *Id.*

In our case, the Plaintiff's use of the term-of-art-in-the-industry "AR" to describe consumer collections is "suggestive" of the characteristic of its service.  Namely an ability to monetize Accounts Receivable and otherwise price outstanding Accounts Receivable on one's balance sheet.  *See* Affidavit in Support at showing Investopedia Article on idiosyncratic use of the term "AR" in the factoring industry.

Plaintiff has shown that it incorporated in February 2001 in this State under the name "AR Resources", Compl. at ¶¶ 13-15, Exhs. A & B, and has been licensed as a Consumer Collection Agency under that name and conducted consumer collections under that name since 2001 through the present, Compl. at ¶¶ 16-19, Exhis. C & D.

**FINDING 1** – We find that the Plaintiff has a **valid common law trademark to the name "AR Resources Inc." in the area of consumer collections in the State of Florida**.

Under Florida law:

"A foreign corporation whose name is unavailable under or whose name does not otherwise comply with [the law] shall use an alternate name that complies with [the law] to transact business in this state." Florida Statutes § 607.1506(1).

. . .

"So long as a foreign corporation maintains a certificate of authority with an alternate name, a foreign corporation shall transact business in this state under the alternate name unless the corporation is [otherwise] authorized . . . to transact business in this state under another name.

. . .

"If a foreign corporation authorized to transact business in this state changes its corporate name to one that does not comply with [the law] it may not thereafter transact business in this state until it complies with subsection (1) and obtains an amended certificate of authority . . . ."

Florida Statutes § 607.1506(1)(3) and (4).

This prohibition on the use of an unauthorized name is consistent with Florida Statutes § 607.0403 (Registered name), which only allows a foreign corporation to register under its original name if, and only if, "the name is distinguishable upon the records of the department from the corporate names that are not available under § 607.0401(1)(d)."

In addition, Licensed consumer collections agencies in Florida and its employees and agents are prohibited from "[r]efus[ing] to provid[e] identification of herself or himself or her or his employer or other entity whom she or he represents if required to do so . . . .," Florida Statutes § 559.72(15), engage in "misrepresentation . . . in a collection transaction," Florida Statutes § 559.730(1)(b); *or* "[c]ommi[t] . . . misrepresentation . . . ."  Florida Statutes § 559.730(1)(c).

In this case, Defendants' application to register as a foreign corporation in Florida under the name "AR Resources, Inc." was rejected in 2006 by Secretary Cobb because "AR Resources, Inc." was "not distinguishable from the name of an existing entity," Compl. ¶¶ 22-25, Exh. F.  Only upon the registration of under a different name as "Accounts Receivable Resources, Inc." were Defendants authorized to conduct business in Florida and only under that different name were Defendants able to obtain a consumer collections license.  Compl. ¶¶ 26-29, Exhs. F & G; Chart 1.

Further, when considering the "likelihood of confusion", the Court looks at the likelihood of confusion or mistake "among the relevant public." Anheuser-Busch v. A-B Distributors, 910 F.Supp. 587 (M.D.Fla. 1995) *citing* Burger King Corp. v. Mason, 710 F.2d 1480, 1491 (11th Cir. 1983).  In this case, the relevant public are two categories – clients seeking to

retain consumer collections agencies to monetize their accounts receivable from Florida consumers; and individual Florida consumers being approached for collections.

Plaintiff has shown actual confusion by the public in the nature of lawsuits wrongly filed against them by individual consumers who were confused by the Defendants' trademark infringement to mistakenly believed that they were being contacted for payment by the Plaintiff. *See* Complaint ¶¶ 77-86, Exh. H; Affidavit in Support *passim*.

**FINDING 2** – We find that the Defendants **adopted a mark and name that is the same as the Plaintiff and that consumers have confused the two.**

**FINDING 3** – The Plaintiff has satisfied this Court that they are **likely to succeed on the merits** of the underlying case.

### (ii.) <u>Plaintiff will Suffer Irreparable Harm in the Absence of an Injunction</u>

In this Circuit:

" 'a sufficiently strong showing of likelihood of confusion [caused by trademark infringement] may by itself constitute a showing of . . . [a] substantial threat of irreparable harm.' <u>E. Remy Martin & Co. v. Shaw-Ross Int'l Imports</u>, 756 F.2d 1525, 1530 (11th Cir. 1985); *see also* <u>Power Test Petroleum Distributors v. Calcu Gas</u>, 754 F.2d 91, 95 (2d Cir. 1985) (Irreparable harm exists in a trademark case when the moving party 'shows that it will lose control over the reputation of its trademark pending trial.'); <u>Foxworthy</u>, 879 F. Supp. at 1219 ('When a plaintiff makes a prima facie showing of trademark infringement, irreparable harm is ordinarily presumed.')

<u>McDonald's Corp v. Robertson</u>, 147 F.3d 1301, 1310 (11th Cir. 1998).

In this case, Plaintiff has shown that Florida consumers being solicited for collections by the Defendants under the name "AR Resources, Inc." wrongly believe that they are being solicited by the Plaintiff.

In addition, the Defendants' infringement (and the wrongful conflation of the Plaintiff's Company with the Defendants') has directly resulted in reputational damage, wrongly filed lawsuits, and has potentially subjected the Defendants to massive administrative and civil liability – under the misapprehension that the Defendants' wrongful collections activities were being conducted by the Plaintiff.

**FINDING 4 –** The Plaintiff has satisfied this Court that they **will suffer irreparable harm in the absence of an injunction**.

### (iii.)    The Balance of Harms Tips in Favor of Granting the Injunction

Defendants are strictly prohibited under Florida law from engaging in any business transaction in this State under the name "AR Resources, Inc." and are prohibited under relevant state and federal law from engaging in consumer collections in Florida under the name "AR Resources, Inc."

An injunction that the Defendants cease from such infringing activity and immediately notify anyone with whom it transacted in Florida under Plaintiff's name, imposes <u>no harm</u> on the Defendants.  To the contrary, such an merely exhorts the Defendants to comply with their existing statutory and other legal obligations.

**FINDING 5** - The Plaintiff has satisfied this Court that **the harm suffered by the Plaintiff in the absence of an injunction would exceed the harm suffered by the Defendants if the injunction issues**.

**(iv.)**     <u>**The Injunction will not disserve the public interest**</u>

It will not disserve the public interest to issue this injunction.  In an analogous case in Chicago, a consumer collector that was affiliated with AT & T used the unregistered assumed name AT & T Cable Services, when it contacted debtors.  The dissent recognized that while the majority took a 'no harm, no foul' approach:

> "the FDCPA does not.  In addition to the harm to consumers [from thinking they are dealing with a bigger company] there are other harms [consumers] suffered.  Errors and misunderstandings occur all the time in cable television bills (and in most other bills as well). A consumer stands no chance of ironing out those problems before they become severe if she does not know to whom she must speak."

<u>Gutierrez v. AT & T Broadband, LLC</u>, 382 F.3d 725, 741 (7th Cir. 2004)(Wood, Circuit Judge Diane P., *dissenting*).  And again, even the <u>Gutierrez</u> majority recognized that while the wrongful use of unregistered name in collections may not be permitted by law, in that case there was no actual confusion because Chicago Cable was affiliated with AT & T.

By contrast here, it is undisputed that the Defendants engaged in collections through a trademark and name that they were specifically prohibited from using in Florida and which resulted in actual confusion by consumers as to who was engaged in collections.

**FINDING 6** - Therefore, the Plaintiff has satisfied this Court that **an injunction will not disserve the public**.

For these reasons, the Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction is due to be granted and a Temporary Restraining Order and Preliminary Injunction is granted against the Defendants.

It is **ORDERED**:

(x.)    Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction (Doc. ____) is **GRANTED**;

(xi.)    Each of the Defendants, their agents and employees, and all persons acting in concert or participation with Defendants, are enjoined from any use of the Plaintiff's trademark and corporate name when engaged in consumer collections or any other business activities in the State of Florida;

(xii.)    to ameliorate the immediate damage caused by the Defendants' infringement, within seven (7) business days from the date of this Order the Defendants shall formally notify in writing everyone in Florida with whom it transacted and/or represented itself to be "AR Resources, Inc." within the last 12 months (the statute of limitations on FDCPA claims) that in fact the Defendant was not and is not permitted to transact business under the name AR Resources, Inc., in Florida;

(xiii.)    Given the nature of the interests involved, no bond shall be required to be posted by the Plaintiff before this Temporary Restraining Order is effective, *See* <u>TracFone Wireless, Inc. v. Washington</u>, 978 F.Supp.2d 1225, 1235 (M.D.Fla 2013);

(xiv.)    Defendants shall respond to the Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction or before May 19, 2023;

(xv.)    Plaintiff's may Reply to Defendants response on or before May 26, 2023;

(xvi.)    The Court will hold a hearing on the Plaintiff's Motion for a Temporary Retraining Order and Preliminary Injunction on _____ at _____ in Courtroom 12C, 300 N. Hogan Street, Jacksonville in the County of Duval in the State of Florida.  This hearing shall be conducted to allow for video conferencing so that all participants may participate remotely and can see and hear and be seen and heard during the hearing;

(xvii.)    The Hearing will be conducted in accordance with Rule 65 and Local Rule 4.06.  On or before _____, this Court or any Party may file a Notice to the Docket stating that they believe that the taking of live testimony is necessary at the hearing, and what witnesses may be called, and the nature of the testimony that the Court or the Parties seeks to elicit. Unless otherwise Noticed or Ordered pursuant to this Paragraph, the Hearing will be limited to the written submissions by the Parties and the arguments of Counsel; *and*

(xviii.) Plaintiff is ordered to serve a copy of this Order by Fedex 2-day delivery to the known addresses of the Defendants listed below and by e-mail to any of

the Defendants' known addresses; and by e-mail on Counsel, if any, that appears for any of the Defendants or otherwise indicates that they will be representing the Defendants.

(a.)  **AR Resources, Inc.**
512 Township Line Road
2 Valley Square, Suite 210
Blue Bell, PA 19422

(b.)  **Accounts Receivable Resources, Inc.**
301 West Atlantic Ave.
Suite 0-5
Delray Beach, FL  33444

(c.)  **Robert Alford**
c/o  **AR Resources, Inc.**
512 Township Line Road
2 Valley Square, Suite 210
Blue Bell, PA 19422

(d.)  **Tim Kleppick**
c/o  **AR Resources, Inc.**
512 Township Line Road
2 Valley Square, Suite 210
Blue Bell, PA 19422

(e.)  **Mark Macrone**
c/o  **AR Resources, Inc.**
512 Township Line Road
2 Valley Square, Suite 210
Blue Bell, PA 19422

**DONE** and **ORDERED** in Jacksonville, Florida on this ___ day of May, 2023.

_____
BRIAN J. DAVIS
United States District Judge

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of May, 2022, I filed the foregoing with the Clerk of the United States District Court for the Middle District of Florida, and sent a hard copy of this Motion and all papers upon which it was based to the Defendants by Fedex two day mail as follows:

    **(i.)**       **AR Resources, Inc.**
           512 Township Line Road
           2 Valley Square, Suite 210
           Blue Bell, PA 19422

    **(ii.)**      **Accounts Receivable Resources, Inc.**
           301 West Atlantic Ave.
           Suite 0-5
           Delray Beach, FL  33444

    **(iii.)**     **Robert Alford**
           c/o **AR Resources, Inc.**
             512 Township Line Road
             2 Valley Square, Suite 210
             Blue Bell, PA 19422

    **(iv.)**     **Tim Kleppick**
           c/o **AR Resources, Inc.**
             512 Township Line Road
             2 Valley Square, Suite 210
             Blue Bell, PA 19422

    **(v.)**       **Mark Macrone**
           c/o **AR Resources, Inc.**
             512 Township Line Road
             2 Valley Square, Suite 210
             Blue Bell, PA 19422

                                  / Baruch S. Gottesman/
                                 Baruch S. Gottesman, Esq.