# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

**AR RESOURCES, INC.**

       Plaintiff,

~ *against* ~

**ACCOUNTS RECEIVABLE RESOURCES, INC.**
  *also known as* **AR RESOURCES, INC.**;

**ROBERT ALFORD**;

**TIM KLEPPICK**; *and*

**MARK MACRONE**,

       Defendants.

_____/

Case No. **3:23-cv-540-BJD-LLL**

### AFFIDAVIT IN SUPPORT OF
### PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION
### AND TEMPORARY RESTRAINING ORDER

**STATE OF** Texas   )
                          ) *ss.*
**COUNTY OF** Dallas  )

      The Undersigned, **Omar Taha**, is an authorized corporate representative of AR Resources, Inc., and respectfully submits this Affidavit in support of AR Resources, Inc.'s Motion for a Preliminary Injunction and Restraining Order and states that the following is true and accurate to the Plaintiff's knowledge under penalty of perjury:

### A.     INTRODUCTION

1. My name is Omar Taha, I am a resident of the State of Texas and an authorized corporate representative of AR Resources, Inc.

2. I respectfully submit this Affidavit in support of the Motion for a Preliminary Injunction and Temporary Restraining Order, that I understand our general counsel to be submitting to the Court.

3. I understand that the scope of this Affidavit is explain the background of AR Resources, Inc., and when and how AR Resources, Inc. learned of the infringement and the immediate actions taken to enforce its rights.

4. It will also explain the very significant ongoing damage that AR Resources, Inc. (and many Florida consumers) will continue to suffer if the Defendants are not enjoined from their infringement.

5. For the avoidance of doubt, this Affidavit does not purport to be a complete statement of the case against the Defendants and is limited to the narrow issues alluded to above.

6. I remain ready to supplement this Affidavit any provide any further information, documentation or testimony that the Court may require in its consideration of this Motion.

7. As further introduction, I should emphasize that I confirm I have reviewed the Original Complaint filed in this matter, and it's allegations are true and accurate to the best of my knowledge (except with respect to those issues denominated as being "upon information and belief", which allegations I believe to be true) and I incorporate the allegations in the Original Complaint into this Affidavit in full.

## B. BACKGROUND TO AR RESOURCES, INC.

8. "AR" is a term of art in the Factoring industry (and in other contexts) referring to Accounts Receivable and specifically when a firm's Receivables are treated as an asset to be listed on a balance sheet or monetized through a sale – rather than as an outstanding account that a firm is in a position to actually collect.

9. This treatment of such invoices as "AR" is particularly relevant with high-volume, high-value customer-facing firms such as medical facilities. Such firms often have a large number of high-value outstanding invoices, but do not have the capabilities or "bandwidth" to engage in individualized negotiations and invoice resolution with each patient.

10. Plaintiff incorporated in Florida in 2001 as "AR Resources, Inc.", branding itself as engaged in the Accounts Receivable collections industry.

11. Essentially the corporate name AR Resources, Inc., suggests characteristics of the consumer collection service provided by AR Resources, Inc., namely a focus on firms which treat AR as a line item on their balance sheet and/or have engaged in factoring agreements with third parties where such outstanding invoices are referred to as "AR". Annexed as Exhibit A is a complete, true and accurate copy of an article from Investopedia – the finance bible – describing the use of the term AR in the factoring industry and other financial contexts.

12. The term "AR" used in this context, is essentially a wink-and-a-nod to indicate that the firm understands the industry and requires outside knowledge and effort of the imagination by its customers to be understood as descriptive of the nature of the service provided.

13. The consistent use of the name "AR Resources, Inc." for more than two decades and maintenance of the hard-to-obtain-and-maintain consumer collections license serves

to identity the particular source of the unique services provided by AR Resources, Inc. and which has become a name upon which medical firms can rely.

14. AR Resources, Inc. under Mr. Rose's leadership obtained a consumer collections agency license from the State of Florida in 2001 and since that time has maintained its corporate status and licensure (except for a short administrative snafu). *See* Chart 1 of the Original Complaint for an overview of the corporate history. An early sample of Plaintiff's use of the Mark in commerce (on its website in 2004) is included in the Original Complaint to illustrate the long-term use of the Mark in commerce.

### C. HOW I BECAME AWARE OF THE INFRINGEMENT

15. Among other projects, the owners of AR Resources, Inc., is engaged in the purchase and development of consumer collection firms throughout the United States.

16. My responsibilities include the facilitation of the purchase of consumer collection companies, the modernization and professionalization of such firms, and "turn around" activities to turn them into successful and profitable entities.

17. Just as when you turn over an old log on a hiking trail, the light can expose a hive underneath; occasionally after we purchase consumer collections companies and begin a thorough workup serious issues come to light in the structure of the company.

18. And that's what happened here.

19. Mr. Rose was an older gentleman who in recent years had run AR Resources, Inc., as a mom-and-pop shop while he addressed personal health issues. Mr. Rose was simply unaware of the scope of the infringement taking place.

20. As shown below, he was served with many subpoenas, lawsuits and other process but he did not understand why strangers were suing; and he was unaware of modern social media and allegations about AR Resources, Inc.'s collections practices in the State of Florida.

21. In late April 2023, after the Undersigned purchased AR Resources, Inc., a review of its corporate and legal paperwork revealed a "shadow docket" of lawsuits, complaints, subpoenas and other formal legal process; in addition to a tsunami of false allegations about the company being spread online.

22. After extensive research, we learned that there existed another company in the Keystone State that also had the name "AR Resources, Inc." (but had no connection to my company).

23. We learned that under the name "AR Resources, Inc." the Defendants never obtained authority to transact business in the State of Florida and had never obtained a licensed to engage in consumer collections in this State.

24. Rather, AR Resources, Inc., was *required* by the State of Florida to register as a foreign corporation under the name "Accounts Receivable Resources, Inc." specifically because the name AR Resources, Inc., was confusingly similar to my company.

25. We also learned that notwithstanding their legal obligations under Florida and Federal law, the Defendants have actually been engaged in business transactions and consumer collections services under the name "AR Resources, Inc."

D. **ACTUAL CONFUSION AND ACTUAL DAMAGES**

26. The following description of some of the legal process to which AR Resources, Inc., has been wrongly subjected is far from complete. Rather it reflects some of the documentation identified during a very initial review of the files of AR Resources, Inc.

27. The examples shown below should be treated as exemplars of the *categories of confusion* caused by the Defendants rather than a complete list.

28. Annexed as **Exhibit B** is a complete, true, and (subject to the redaction of personally identifying information) accurate copy of a "Final Notice" sent by the Better Business Bureau of Northeast Florida & Southeast Atlantic to AR Resources, Inc.

29. Even in our online age, the BBB is considered the gold standard of corporate reputation and that is particularly true for older Floridians who have decades of familiarity with the Better Business Bureau and are often the primary 'consumers' from which the Plaintiff collects.

30. The Notice refers to a customer (redacted here for their privacy, and who we will refer to as "Y.D."). The BBB Complaint states:

> "I saw I have an account at this collection agency through credit karma that is from Bay Area Emergency Physician so I've emailed and called several times since Mary 7th 2022 to explain my situation but they have not returned my calls or e-mail."

Exhibit B, at "Customer's Statement of the Problem".

31. The Complaint includes "Additional Comments from Consumer" which states: "I apologize it is the one in Florida I have been trying to reach.". What that appears to mean in plain English is that the BBB corresponded with the Complainant and was confused about whether the purported collector was "the one in Florida" (AR Resources, Inc.) or the Defendant Accounts Receivable Resources, Inc.

32. In fact, AR Resources, Inc., has never engaged in collections activity with Y.D. and as shown in the Complaint and the "Additional Comment" both the BBB and the consumer were actually confused about which company was which.

33. AR Resources, Inc., has suffered damages in responding to this Complaint, it's damage to reputation with the BBB, and will suffer damages in the event there is any further defamatory claims made against AR Resources, Inc., or a lawsuit filed because of this file.

34. Annexed as **Exhibit C** is a pre-litigation demand letter sent by Kobal Law to AR Resources, Inc.

35. The Demand Letter makes very serious allegations that AR Resources, Inc., violated the Fair Debt Collection Practices Act and Florida law. It alleges AR Resources, Inc., badly mishandled a fire and had engaged in unlawful collections activity against the victim of an industrial accident, who we will call B.M.

36. The Notice includes a copy of a purported collections letter sent by "AR Resources, Inc." on behalf of the Florida medical facility, Wheeler Park Emergency Physician LLC of Brooksville, Florida; to a Florida patient.

37. Nevertheless because the Defendants engaged in collections activities in Florida for Florida under the name "AR Resources, Inc.", my company has suffered damages in responding to the Letter, its reputational damage and my company will continue to suffer damages if further collections activities in Florida is wrongly conducted by the Defendants under the name "AR Resources, Inc.".

38. Annexed as **Exhibit D** is a lawsuit filed in State Court outside of Florida naming the Plaintiff as a Defendant because of the actual confusion occasioned by the Defendants' misuse of the Corporate name and trademark as "AR Resources, Inc.".

39. Annexed as Exhibit E is a lawsuit filed in Federal Court in Florida naming the Plaintiff as a Defendant because of the actual confusion occasioned by the Defendants' misuse of the Corporate name and trademark as "AR Resources, Inc.".

40. Annexed as Exhibit F is a subpoena served on Plaintiff arising out of a case in State Court in Florida naming the Plaintiff as a Defendant because of the actual confusion occasioned by the Defendants' misuse of the Corporate name and trademark as "AR Resources, Inc.".

41. Annexed as Exhibit G is a lawsuit filed in Federal Court out of State naming the Plaintiff as a Defendant because of the actual confusion occasioned by the Defendants' misuse of the Corporate name and trademark as "AR Resources, Inc.".

42. To summarize the *categories* of legal process issued against the Plaintiff because of actual confusion, below see a chart showing Exhibits that are illustrative of each of the categories of cases the Plaintiff has faced.

| Exhibit | Description of the Exemplar |
|---|---|
| **Exhibit B** | Example of Better Business Bureau Complaint Wrongfully filed against the Plaintiff |
| **Exhibit C** | Example of Attorney Demand Letter wrongfully directed to Plaintiff for Defendants' acts |
| **Exhibit D** | Example of lawsuit filed in State Court outside of Florida against Plaintiff for Defendants' Acts |
| **Exhibit E** | Example of lawsuit filed in Federal Court in Florida against Plaintiff for Defendants' Acts |
| **Exhibit F** | Example of Subpoena in Florida State Court matter wrongfully served on Plaintiff for Defendants' Acts |
| **Exhibit G** | Example of lawsuit filed in Federal Court outside of Florida against Plaintiff for Defendants' Act |

43. I understand that the Complaint also provides an example of a lawsuit wrongfully filed against my company because of the confused caused by the infringement.

44. To review – between the Complaint and the examples above we have shown how AR Resources, Inc. was wrongfully sued in State Courts within and without the State of Florida; in Federal Courts within and without the State of Florida; been subpoenaed; been named in BBB Complaints and otherwise been subject to process because of the actual confusion caused by the Defendants' infringement.

45. Unless the Defendants are immediately enjoined from engaging in further business transactions and consumer collections in the State of Florida, my company will continue to be subject to actual confusion and massive damages.

46. Here's the punchline, the Defendants' wrongful acts have resulted in my company having a hard-earned "F" Rating from the Better Business Bureau. Annexed as Exhibit H is a complete, true and accurate copy of the BBB profile of my company as of May 8, 2023 entirely occasioned by the Defendants' infringement and the confusingly similar mark with which they conducted consumer collections in Florida.

47. A google search of AR Resources, Inc., for its reputation in Florida would make even a seasoned federal judge blush. One website, describes "nearly 200 complaints [that] have been filed with the Consumer Financial Protection Bureau against AR Resources. On its Better Business Bureau profile, AR Resources has received 170 consumer complaints in the last three years. As if being a debt collection company is not bad enough title, AR Resources has a poor Google review averaging 1.3 stars out of 53 reviews." *See* HOW TO BEAT AR RESOURCES, Solosuit (Oct. 19, 2022) available at https://www.solosuit.com/posts/beat-ar-resources (last checked May 8, 2023).

48. Because of the Defendants' misuse of my company's name in Florida, consumers being contacted in Florida for debts to Florida medical facilities who google "AR

Resources, Inc." will wrongfully associate the Defendants' rotten reputation and activities with those of my company.

49. Unless the Defendants are immediately enjoined from engaging in further business transactions and consumer collections in the State of Florida, my company will continue to be subject to actual confusion and massive damages.

### E. ONE LAST POINT

50. I understand Defendant Tim Kleppick contacted my attorney this week and abusively demanded that their name be dropped as a Defendant in this case because, in sum and substance, they "are no longer involved with Accounts Receivable Resources, Inc.".

51. Annexed as Exhibit I is a complete, true and accurate copy of an "Index Report" issued by the Pennsylvania Department of State indicating the "Parties on Record" who have executive roles with the Defendant. Which includes Vice President Timothy Kleppick.

52. Therefore the allegation of Mr. Kleppick's role in this Complaint is substantiated by the undisputed public record maintained by the Commonwealth.

*[Remainder of Page Intentionally Left Blank]*

## VI. Conclusion

For these reasons, I respectfully submit that a Motion for a Temporary Restraining Order and Preliminary Injunction is due to be granted and that this Honorable Court should promptly issue an Order enjoining the Defendants from any further infringement of my company's name and trademark and the other relief more fully described in my attorney's Memorandum of Law in Support.

Dated: **May 11, 2023**

RESPECTFULLY SUBMITTED,

By: *Omar Ibrahim Taha*

**Omar Taha** *for* AR Resources, Inc.

Signed and Sworn before me this 11 th of May, 2023

*Fashika N. Willis*
Notary Public, State of Texas

Fashika N Willis
ID NUMBER 132243945
COMMISSION EXPIRES November 7, 2023

Notarized online using audio-video communication