

# IN THE 23RD JUDICIAL CIRCUIT, JEFFERSON COUNTY, MISSOURI

| Judge or Division:<br>JEFFREY THOMAS COLEMAN | Case Number: 19JE-AC02320 |
|---|---|
| Plaintiff/Petitioner:<br>DIANNA FLESHMAN<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address or Pro Se's Address/Telephone Number:<br>DOMINIC MCDARBY PONTELLO<br>5988 MID RIVERS MALL DRIVE SUI<br>SAINT CHARLES, MO 63304 |
| Defendant/Respondent:<br>AR RESOURCES, INC | |
| Nature of Suit:<br>AC Other Tort | Date, Time and Location of Court Appearance:<br>24-JUL-2019 09:30 AM<br>Division 10 Courtroom<br>P O BOX 100, 300 MAIN ST<br>HILLSBORO, MO 63050 |

## Summons for Personal Service Outside the State of Missouri
### (Associate Division Cases)

**The State of Missouri to:** AR RESOURCES, INC
**Alias:**

R/A ERIC ROSE
3107 SPRING GLEN RD., STE 214
JACKSONVILLE, FL 32207

**COURT SEAL OF JEFFERSON COUNTY**

You are summoned to appear before this court on the date, time and location above, to answer the allegation in the petition filed by the above-named plaintiff/petitioner, a copy of which is attached. If you fail to appear at the time and place stated in this summons, judgment by default will be taken against you for the relief demanded in the petition.

If you have a disability requiring special assistance for your court appearance, please contact the court at least 48 hours in advance of scheduled hearing.

MICHAEL E. REUTER-CIRCUIT CLERK
MAY 22, 2019 BY /s/SCHURCH DEPUTY CLERK

### Officer's or Server's Affidavit of Service

**Note to serving officer:** Service must not be made less than 10 days nor more than 60 days from the date the defendant/respondent is to appear in court.

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by: (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to: _____ (name) _____ (title).
   ☐ other: _____.

Served at _____ (address) in _____ County, _____ (state) on this _____ (date) at _____ (time).

_____ / _____
Printed Name of Sheriff or Server / Signature of Sheriff or Server

**Subscribed and sworn to** before me this _____ (day) _____ (month) _____ (year).
I am: (check one) ☐ the clerk of the court of which affiant is an officer.
☐ the judge of the court of which affiant is an officer.
☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
☐ authorized to administer oaths. (use for court-appointed server)

(Seal)

_____
Signature and Title

**Summons Fees**
Summons $ _____
Non Est $ _____
Mileage $ _____ ( _____ miles @ $ ._____ per mile)
Total $ _____

OSCA (07-18) SM70 (ASOS) *For Court Use Only:* Document ID# 19-ASOS-22   1 of 2   (19JE-AC02320)   Rules 54.06, 54.07, 54.14, 54.20; 506.500, 506.510, 517.041 RSMo

See the following page for directions to officer making return on service of summons.

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion and/or petition must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and motion and/or petition when offered to him, the return shall be prepared to show the offer of the officer to deliver the summons and motion and/or petition and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion and/or petition to the individual personally or by leaving a copy of the summons and motion and/or petition at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age who permanently resides with the defendant/respondent, or by delivering a copy of the summons and motion and/or petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion and/or petition to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion and/or petition to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. On a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory in the United States. If served in a territory, substitute the word "territory" for the word "state."

The officer making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than 10 days nor more than 60 days from the date the defendant/respondent is to appear in court. The return should be made promptly, and in any event so that it will reach the Missouri court within 30 days after service.

19JE-AC02320

Electronically Filed - Jefferson - May 16, 2019 - 03:37 PM

IN THE CIRCUIT COURT OF THE 23RD JUDICIAL CIRCUIT
OF MISSOURI AT HILLSBORO, JEFFERSON COUNTY, MISSOURI
ASSOCIATE DIVISION

| | |
|---|---|
| **DIANNA FLESHMAN** | ) |
| Plaintiff, | ) |
| | ) Cause No. |
| v. | ) |
| **AR RESOURCES, INC.** | ) Division |
| Serve at: | ) |
| ERIC ROSE, R/A<br>3107 SPRING GLEN RD, STE 214<br>JACKSONVILLE, FL 32207 | ) |
| Defendant. | ) **JURY TRIAL DEMANDED** |

## PETITION

COMES NOW, Plaintiff, Dianna Fleshman, and for her Petition states as follows:

### INTRODUCTION

1. This is an action for statutory and actual damages brought by an individual consumer for violations of the Fair Debt Collections Practices Act, 15 USC 1692 *et. Seq.* ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

2. This is an action for statutory damages brought by an individual consumer for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et. Seq.* ("FCRA"), which prohibits furnishers of information from reporting inaccurate credit information and unfair credit reporting methods.

3. Plaintiff demands a trial by jury on all issues so triable.

## JURISDICTION

4. This Court has jurisdiction of the FDCPA claim under 15 USC § 1692k (d) because Defendant's illicit collection activity was directed at Plaintiff in Jefferson County, Missouri.

5. This Court has jurisdiction of the FCRA claim under 15 USC § 1681p, because the illicit reporting was directed at Plaintiff in Jefferson County, Missouri.

## PARTIES

6. Plaintiff is a natural person currently residing in Jefferson County, Missouri. Plaintiff is a "consumer" within the meaning of the FDCPA and FCRA. The debt Plaintiff allegedly owes arises out of consumer, family, and household transactions.

7. Specifically, Plaintiff believes the alleged debt arose from medical services from SSM Physical Therapy.

8. Defendant is a foreign corporation with its principal place of business in Jacksonville, FL. The principal business purpose of Defendant is the collection of debts in Missouri and nationwide, and Defendant regularly attempts to collect debts alleged to be due another.

9. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant is a "debt collector" as defined by the FDCPA. 15 U.S.C. §1692a (6).

10. Defendant is a "furnisher" as that term is used in 15 U.S.C. § 1681s-2.

## FACTS

11. Defendant's collection activity of which Plaintiff complains occurred within the previous twelve (12) months.

12. Defendant's illicit collection activity consisted of a phone call with Plaintiff.

Electronically Filed - Jefferson - May 16, 2019 - 03:37 PM

13. On or about March 20, 2019, Plaintiff obtained a copy of her credit report.

14. Defendant reported a tradeline on Plaintiff's credit report of $551.00 from "SSM Physical Therapy", allegedly opened on January 4, 2019.

15. On April 17, 2019, Plaintiff called Defendant to dispute the alleged debt that Defendant was reporting to Plaintiff's credit report because SSM Physical therapy had told her that she didn't owe a balance.

16. During the April 17, 2019 phone call, after Plaintiff repeatedly disputed the validity of the debt and requested that it be marked as disputed on her credit report, Defendant stated repeatedly that it was a valid debt owed by Plaintiff and that Plaintiff was responsible for the alleged charges and that Plaintiff was wrong that she didn't owe anything, and that all that would happen if Plaintiff disputed the debt is that SSM would send it back as a validated debt into collections and Defendant would continue reporting the debt as valid on Plaintiff's credit report.

***Violations of the FDCPA***

17. Defendant's statements that the debt was valid and owed and that a dispute and verification of the debt would only result in the debt being returned to collections and reported as a valid debt on Plaintiff's credit report was a false and misleading debt collection communication, in violation of FDCPA 15 U.S.C. §1692e, which prohibits any false, deceptive or misleading representations or means in connection with the collection of any debt.

18. Specifically, Defendant's statements were false and misleading in violation of 15 U.S.C. §1692e, because the primary reason for the FDCPA §§ 1692g(b), 1692e(8) and the FCRA § § 1681s-2(a)(8)(E)(iii) statutory provisions providing a mechanism for the dispute, verification, and accurate reporting of the status of a debt to a credit report is that inaccurate statements of the

character, amount and status of debts are often reported to the credit bureaus, and that without actually verifying the debt, Defendant possesses no special knowledge about the true status of the alleged debt or whether the original creditor would return it as valid.

19. Defendant's false statements and repeated attempts to hinder Plaintiff from asserting her rights under the FDCPA and the FCRA to dispute the validity of a credit reported debt was an unfair practice violation of the FDCPA 15 U.S.C. §1692f, which prohibits the use of unfair or unconscionable means to collect or attempt to collect any debt.

20. Defendant's threat to communicate false credit information to the credit bureaus without honoring Plaintiff's dispute violated 15 U.S.C. § 1692e(8), which prohibits the threat to communicate to any person credit information which is known to be false, including the failure to communicate that a disputed debt is disputed.

21. Defendant's collection attempts have caused Plaintiff to incur actual damages including but not limited to anxiety, sleeplessness, and worry.

22. Specifically, Defendant's unfair and deceptive conduct caused Plaintiff to believe that her dispute would not be honored and that further credit information would be reported to the credit reporting agencies as accurate without an honest investigation into the accuracy of the disputed information, and without notice that the alleged debt was disputed.

### *Violations of the FCRA*

23. Defendant is a "furnisher" as that term is used in 15 U.S.C. § 1681s-2.

24. FCRA § 1681s-2(a)(8)(E)(iii) places an affirmative duty on furnishers of information, after receiving a notice of dispute from a consumer, to complete an investigation of the dispute, and to report the results of the investigation to the consumer before reporting it back to a consumer reporting agency.

Electronically Filed - Jefferson - May 16, 2019 - 03:37 PM

25. Defendant failed its duty to complete an adequate investigation of Plaintiff's dispute, in violation of FCRA § 1681s-2(a)(8)(E).

26. Defendant's unwillingness and failure to abide by the requirements of the FCRA dispute investigation procedure has caused Plaintiff to incur actual damages including but not limited to anxiety, depression, stress, sleeplessness, and worry.

### COUNT I: VIOLATION OF THE FDCPA

27. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

28. In its attempt to collect the alleged debt from Plaintiff, Defendant has committed violations of the FDCPA, 15 U.S.C. 1692 et. seq., including, but not limited to, the following:

   a. Using a false representation and deceptive means to attempt to collect a debt. 15 U.S.C. §1692e(10).

   b. Using an unfair debt collection practice. 15 U.S.C. §1692f.

   c. Hindering a consumer's right to dispute a debt pursuant to 15 U.S.C. §§ 1692g(b), 1692e(8).

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant for:

   A. Judgment that Defendant's conduct violated the FDCPA;

   B. Actual damages;

   C. Release of the alleged debt;

   D. Statutory damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. 1692(k); and

   E. For such other relief as the Court may deem just and proper.

### COUNT II: VIOLATION OF THE FCRA

29. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

30. Defendant is a "furnisher" as that term is used in 15 U.S.C. § 1681s-2.

31. By its credit reporting of the alleged debt on Plaintiff's credit report, Defendant committed violations of the FCRA, 15 U.S.C. § 1681 *et. Seq.*, including, but not limited to, the following:

   a. Failing to complete an adequate investigation of a consumer's dispute on a reported debt. 15 U.S.C. § 1681s-2(a)(8)(E).

**WHEREFORE**, Plaintiff respectfully request that judgment be entered against Defendant for:

   A. Judgment that Defendant's conduct violated the FCRA;

   B. Actual damages;

   C. Release of the alleged debt;

   D. Statutory damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o; and

   E. For such other relief as the Court may deem just and proper.

Respectfully submitted by,

Pontello & Bressler, LLC
/s/ Dominic M. Pontello
Dominic M. Pontello, #60947
406 Boones Lick Rd
St. Charles, MO 63301
(636) 869-4170
(636) 246-0141 facsimile
dominic@pontellolaw.com
*Attorney for Plaintiff*

Electronically Filed - Jefferson - May 16, 2019 - 03:37 PM

IN THE CIRCUIT COURT OF THE 23RD JUDICIAL CIRCUIT
OF MISSOURI AT HILLSBORO, JEFFERSON COUNTY, MISSOURI
ASSOCIATE DIVISION

| | |
|---|---|
| DIANNA FLESHMAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Cause No. ) |
| AR RESOURCES, INC. | ) ) ) |
| Defendant. | ) **JURY TRIAL DEMANDED** |

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

**COMES NOW**, undersigned counsel, pursuant to Local Rules, and at his own risk requests the appointment of the Circuit Clerk of:

**SPECIAL SERVICES - JACKSONVILLE
DAVID BRAXTON, GEORGE BELL
729 PARKER ST
JACKSONVILLE, FL 32202
904-358-2122
SSTERESA@COMCAST.NET**

Natural persons of lawful age to serve the summons and petition in this cause on the below named parties. This appointment as special process server does not include the authorization to carry a concealed weapon in the performance thereof.

**SERVE AT:**
ERIC ROSE, R/A
3107 SPRING GLEN RD, STE 214
JACKSONVILLE, FL 32207

All Risks to Plaintiff
So Appointed:

Date: _____

By: _____

Pontello & Bressler, LLC
__/s/ Dominic M. Pontello_____
Dominic M. Pontello, #60947
Attorney for Plaintiff
406 Boones Lick Rd
St. Charles, MO 63301
(636) 896-4170
(636) 246-0141

electronically Filed - Jefferson - May 16, 2019 - 03:37 PM

IN THE CIRCUIT COURT OF THE 23RD JUDICIAL CIRCUIT
OF MISSOURI AT HILLSBORO, JEFFERSON COUNTY, MISSOURI
ASSOCIATE DIVISION

**DIANNA FLESHMAN**  )
)
Plaintiff,  )
) Cause No. 19JE-AC02320
v.  )
)
**AR RESOURCES, INC.**  )
)
Defendant.  )

## DISMISSAL

**COMES NOW**, Plaintiff, by and through her attorney of record, and dismisses the above cause of action against Defendant AR Resources, Inc., the Jacksonville, Florida corporation, with prejudice. Plaintiff mistakenly filed suit against the wrong corporation, and recants all allegations as to AR Resources, Inc., the Jacksonville, Florida corporation.

**PONTELLO & BRESSLER, LLC**

/s/ Isaac J. Bressler
ISAAC J. BRESSLER, #66379
DOMINIC M. PONTELLO. #60947
406 Boones Lick Rd
St. Charles, Missouri 63301
(636) 896-4170
(636) 246-0141 facsimile

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that, a true copy of the foregoing was delivered by electronic mail this 29th Day of May, 2019 to:

Eric P. Rose
President, R/a
3107 Spring Glen Rd, Ste 214,
Jacksonville, FL 32207
904-858-9318
904-858-9338 facsimile
erose@arresources.net

*Defendant*

                                                              /s/ Isaac J. Bressler