AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

5/24/19  10:00a
RP  1074

NEDEL DIAZ VALDES

*Plaintiff(s)*

v.   Civil Action No. 19CV80673

AR RESOURCES, INC.

*Defendant(s)*

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

AR RESOURCES, INC.
c/o Eric P. Rose (Registered Agent)
3107 SPRING GLEN ROAD, SUITE 214
JACKSONVILLE, FL 32207

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

SCOTT D. OWENS, ESQ.
3800 S OCEAN DR STE 235
HOLLYWOOD, FL 33019

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.



Angela E. Noble
Clerk of Court

**SUMMONS**

Date: May 22, 2019

s/ Esperanza Buchhorst

Deputy Clerk
U.S. District Courts

JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
NEDEL DIAZ VALDEZ

**DEFENDANTS**
AR RESOURCES, INC.

(b) County of Residence of First Listed Plaintiff   **PALM BEACH**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
SCOTT D. OWENS, P.A. | TEL: 954-589-0588
3800 S OCEAN DR STE 235 HOLLYWOOD FL 33019

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 850 Securities/Commodities/ Exchange |
| | | | | ☐ 865 RSI (405(g)) | ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 USC 1692 | FAIR DEBT COLLECTION PRACTICES ACT

Brief description of cause:
UNLAWFUL DEBT COLLECTION PRACTICES

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
1,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____    DOCKET NUMBER _____

DATE
05/21/2019

SIGNATURE OF ATTORNEY OF RECORD
s/ Scott D. Owens

**FOR OFFICE USE ONLY**

RECEIPT #  _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket. **PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

NEDEL DIAZ VALDEZ, an individual, )
)
    *Plaintiff*, )
) **Case No.**
v. )
) **JURY TRIAL DEMANDED**
AR RESOURCES, INC., a Florida )
Corporation, )
)
    *Defendant.* )

## COMPLAINT

### INTRODUCTION

1. This is an action for damages arising from Defendant AR Resources, Inc.'s ("Defendant"), violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., ("FDCPA"). Defendant violated said Act by attempting to collect an alleged debt from Plaintiff which, by law, he did not owe.

2. The FDCPA was enacted "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). The statute provides for civil liability for a wide range of abusive actions, including, but not limited to, the false representation of the character, amount, or legal status of any debt. 15 U.S.C. § 1692e(2)(A).

3. There is only one affirmative defense to liability for a violation of the FDCPA, the "bona fide error" defense. 15 U.S.C. § 1692k(c). *See Tourgeman v. Collins Financial Services, Inc.*, 197 F. Supp. 3d 1222, 1225 (S.D. Cal. 2016).

4. The bona fide error defense applies only to procedural or clerical errors. It does not excuse mistakes of law — *i.e.*, "violations resulting from a debt collector's mistaken

interpretation of the legal requirements of the FDCPA." *See Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 576 (2010). To take advantage of this defense, the defendant must show by the preponderance of the evidence that its violation of the Act was not intentional, was a bona fide error, and occurred despite the maintenance of procedures reasonably adapted to avoid any such error. *Edwards v. Niagara Credit Solutions, Inc.*, 584 F.3d 1350, 1352-53 (11th Cir. 2009).

5. The FDCPA is a strict liability statute and, therefore, does not require a showing of intentional conduct on the part of a debt collector. *Rivera v. Amalgamated Debt Collection Services*, 462 F. Supp. 2d 1223 (S.D. Fla. 2006). Further, a single violation of the statute is sufficient to establish civil liability. *Id.*

6. The Eleventh Circuit Court of Appeals has adopted the "least sophisticated consumer" standard to analyze claims of deception or misrepresentation under section 1692e. *Holzman v. Malcolm S. Gerald & Associates, Inc.*, 16-16511, 2019 WL 1495642, at *3 (11th Cir. Apr. 5, 2019)(citing *See LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1193, 1201 (11th Cir. 2010)(explaining that the least-sophisticated consumer standard applies to determine whether a debt collector has violated §§ 1692e or 1692f of the FDCPA)). This objective standard analyzes whether a hypothetical least sophisticated consumer would be deceived or misled by the debt collector's practices. *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1175-76 (11th Cir. 1985).

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."), 28 U.S.C. § 1337 ("The district courts shall have original

jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce ..."), and 15 U.S.C. §1692k (An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, ...").

8. Venue is proper in this judicial district because Defendant engaged in the complained of collection activities in this district. 28 U.S.C. § 1391(b) ("A civil action may be brought in— (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, ...").

## PARTIES

9. Nedel Diaz Valdes ("Plaintiff") is a natural person and resident of West Palm Beach, Florida.

10. Nedel Diaz Valdes, as further described herein, is a consumer as defined by 15 U.S.C. § 1692a(3).

11. AR Resources, Inc. is a Florida corporation with its principal address in Jacksonville, FL 32207, and whose registered agent is Eric P Rose, 3107 Spring Glen Rd, Suite 214, Jacksonville, FL 32207.

12. AR Resources, Inc, through the mailing of debt collection letters and other communications made in connection with the collection of debt, regularly attempts to collect "debt" as that term is defined by 15 U.S.C. § 1692a(5).

13. AR Resources, Inc. is registered as a consumer collection agency in the State of Florida (CCA0901028) and is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

14. On or about February 26, 2018 Plaintiff was injured in a work-related accident which required medical treatment or services.

15. A portion of such necessary medical treatment or services was provided by JFK Medical Center on March 20, 2018.

16. The medical records from JFK Medical Center (Orthopedic Center of Palm Beach County) specifically note that Plaintiff suffered an industrial injury on February 26, 2018.

17. Under Fla. Stat. § 440.13(2)(a), an injured employee is entitled to "such medically necessary remedial treatment, care, and attendance for such period as the nature of the injury or the process of recovery may require." *Ascension Benefits v. Robinson*, 232 So. 3d 1178, 1180 (Fla. Dist. Ct. App. 2017).

18. Additionally, under Fla. Stat. § 440.13(14)(a), Florida Statutes (2006), <u>a health care provider may not collect or receive a fee from an injured employee</u> within this state, except as otherwise provided by this chapter. Such providers have recourse against the employer or carrier for payment for services rendered in accordance with this chapter. *See Avalon Center v. Hardaway*, 967 So. 2d 268, 274 (Fla. Dist. Ct. App. 2007) (emphasis added)

19. Furthermore, in accord with these statutes, an employee is shielded from liability in any dispute between the employer or carrier and health care provider (as is the case here) regarding reimbursement for the employee's authorized medical or psychological treatment. *See id.*

20. Regardless, on or about, May 30, 2018, AR Resources, Inc. sent Plaintiff a letter stating "our client, EMER PHYS SOLUTIONS OF S. FLORI, JFK MED has referred your

account to us for collections" and demanded payment in the amount of $1,487.00.

21. Furthermore, AR Resources, Inc. opened a negative delinquent credit report for Plaintiff in the amount of $1,487.00 on October 18, 2018.

22. The alleged balance due arose from medical services related to Plaintiff's documented workplace injury and is a "debt" within the meaning of 15 U.S.C. § 1692a(5). *See Dunham v. Lombardo*, 830 F. Supp. 2d 1305, 1307 (S.D. Fla. 2011) (finding that so long as a complaint "demonstrate[s] the debt involves a mortgage, credit card, *medical bill*, or other consumer debt," a consumer debt is established) (emphasis in original).

23. Although not specifically required to do so, at all times relevant herein, Defendant could have determined in a few minutes (if not seconds) that Plaintiff's injuries were the result of a covered workplace injury, as this information is readily ascertainable from both Defendant's client and/or by visiting https://www.jcc.state.fl.us/JCC/, the Office of the Judges of Compensation Claims.

24. Having been advised by Plaintiff at the time of treatment at JFK Medical Center (and noted in Plaintiff's patient record history), Defendant possessed specific information regarding Plaintiff's injury, including the fact that it was a work-related injury; a critical fact which Defendant also knew or should have known.

25. Upon information and belief, Defendant's pattern and habit of sending dunning letters to individuals who received treatment for workplace injuries shows that Defendant's procedures are either not reasonable, or they failed to follow them. *See Owen v. I.C. Sys., Inc.*, 629 F.3d 1263, 1277 (11th Cir. 2011) (reversing summary judgment on defendant's bona fide error defense holding that defendant's limited procedures placed in this record were not reasonably adapted to avoid the type of interest errors within the purview of the bona fide error

defense) (*citing Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 130 S.Ct. 1605, 176 L.Ed.2d 519 (2010)).

26. Because Defendant was not permitted to attempt to collect from Plaintiff under Florida's Workers' Compensation Statutes, it violated the FDCPA by sending Plaintiff the May 30, 2018 letter. *See Young v. NPAS, Inc.*, No. 2: 16-cv-01104 (D. Utah Feb. 5, 2019).

27. All communications referenced herein were made within the one year prior to the filing of this action.

## COUNT I
### Violation of the FDCPA at 15 U.S.C. § 1692e(2)(A)

28. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

29. Section 1692e(2)(A) prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt," including the false representation of "the character, amount, or legal status of any debt".

30. Defendant violated Section 1692e(2)(A) by violating Fla. Stat. § 440.13(3)(g), specifically by attempting to collect a debt from Plaintiff which, by law, he does not owe.

31. Defendant made such demand despite its knowledge of the facts surrounding Plaintiff's workplace injury and the protections afforded by Florida law.

32. A violation of state law may, as is this circumstance, be a violation of the FDPCA. *See LeBlanc*, 601 F.3d at 1192 ("[C]ollection activities that use 'any false, deceptive, or misleading representation or means,' . . . under state law, will also constitute FDCPA violations.").

33. More specifically, Section 1692e(2)(A) prohibits a debt collector from falsely representing of "the character, amount, or legal status of any debt." *Valle v. First Nat. Collection Bureau, Inc.*, 252 F. Supp. 3d 1332, 1339 (S.D. Fla. 2017).

34. Defendant's debt collection letters and other communications falsely represent "the character, amount, or legal status" of the alleged debt by alleging that Plaintiff is responsible for the alleged debt when, in fact, he is shielded from such liability by statute.

35. 15 U.S.C. § 1692k(a) provides that a debt collector who fails to comply with any provision of the FDCPA with respect to any person is liable to such person for up to $1,000 in statutory damages, actual damages, the costs of the action, together with a reasonable attorney's fee as determined by the court.

**WHEREFORE**, Plaintiff requests judgment in his favor, and against Defendant for:

a. Statutory damages in the amount of $1,000 dollars;
b.
c. Actual damages caused by Defendant's derogatory credit report;
d. Attorney's fees, litigation expenses and costs of suit; and
e. Such other or further relief as the Court deems proper.

Dated: May 21, 2019

Respectfully submitted,

*s/ Scott D. Owens*
Scott D. Owens, Esq. (FBN 0597651)
SCOTT D. OWENS, P.A.
3800 S. Ocean Dr., Ste. 235
Hollywood, FL 33019
Tel: 954-589-0588
Fax: 954-337-0666
scott@scottdowens.com

Paul Herman, Esq. (FBN 405175)
Consumer Advocates Law Group, PLLC
4801 Linton Blvd., Ste. 11A-560
Delray Beach, FL 33445
Tel: 561-236-8851
Fax: 561-431-2352
paul@consumeradvocatelaw.com