AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

### SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| **CHANA FULOP** | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No.  **19cv6033** |
| **EQUIFAX INFORMATION SERVICES, LLC, TRANS UNION, LLC, AMERICAN EXPRESS CO., AR RESOURCES, INC., and CITIBANK, N.A.** | ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*    See Attached Rider

Date _7.12_ Time _12:10_
_B.293_
~~Special Process Server~~
Special Services of Jax, Inc.
(904) 358-2182

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

> COHEN & MIZRAHI, LLP
> 300 CADMAN PLAZA WEST, 12th FLOOR
> BROOKLYN, NEW YORK 11201

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: **June 28, 2019**

/S/  S. James
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)*

was received by me on *(date)*

☐ I personally served the summons on the individual at *(place)*

on *(date)*                              ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)*

, a person of suitable age and discretion who resides there,

on *(date)*                    , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)*                                      , who is

designated by law to accept service of process on behalf of *(name of organization)*

on *(date)*                              ; or

☐ I returned the summons unexecuted because                                          ; or

☐ Other *(specify):*

My fees are $                  for travel and $                  for services, for a total of $      0.00

I declare under penalty of perjury that this information is true.

Date:

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

## RIDER TO SUMMONS

*Fulop v. Equifax Information Services, LLC, et al.*

### DEFENDANTS

| |
|---|
| EQUIFAX INFORMATION SERVICES, LLC<br>c/o The Corporation Service Company<br>80 State Street<br>Albany, NY 12207 |
| TRANS UNION, LLC<br>c/o The Prentice Hall Corporation System<br>80 State Street<br>Albany, NY 12207 |
| AMERICAN EXPRESS CO.<br>200 Vesey Street<br>New York, NY 10285 |
| AR RESOURCES, INC.<br>3107 Spring Glen Road, Suite 214<br>Jacksonville, FL 32207 |
| CITIBANK, N.A.<br>701 East 60th Street North<br>Sioux Falls, SD 57104 |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————————————— x

CHANA FULOP,                                    :    Civil Action No. _____
                                                :
                        Plaintiff,              :
                                                :
        vs.                                     :    COMPLAINT FOR VIOLATIONS OF THE
                                                :    FAIR CREDIT REPORTING ACT
EQUIFAX INFORMATION SERVICES,                   :
LLC, TRANS UNION, LLC, AMERICAN                 :    DEMAND FOR JURY TRIAL
EXPRESS CO., AR RESOURCES, INC. and             :
CITIBANK, N.A.,                                 :
                                                :
                        Defendants.             :
                                                :
                                                :
—————————————————————————————

Plaintiff Chana Fulop ("Plaintiff") brings this action on an individual basis for damages under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA") and under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), seeking statutory and other damages against defendants named herein, and alleges based upon the personal knowledge of Plaintiff, the investigation of counsel and upon information and belief, as follows:

## NATURE OF THE ACTION

1.     Plaintiff suffered harm as a result of false and inaccurate information published by defendants Equifax Information Services, LLC ("Equifax"), and Trans Union, LLC ("TransUnion"), consumer reporting agencies ("CRAs") as defined under 15 U.S.C. § 1681a(f) (collectively, "CRA Defendants").

2.     Through the publication of consumer background reports, as that term is defined by 15 U.S.C. § 1681a(d), CRA Defendants have been reporting inaccurate information about Plaintiff's consumer background to numerous credit companies and persons, both known and unknown – including the reporting of Plaintiff's account balances and payment history with respect to credit cards issued by defendants American Express Company ("American Express") and Citibank, N.A. ("Citi") (collectively, "Furnisher Defendants").

3.     Despite receiving dispute letters from Plaintiff disputing the reporting of Plaintiff's account balances and/or payment history with Furnisher Defendants as inaccurate, both CRA Defendants willfully, intentionally, recklessly and/or negligently continued to report such inaccurate information and failed to, at a minimum, mark the accounts as disputed.

4.     Egregiously, CRA Defendants failed to delete the inaccurate information notwithstanding the fact that Plaintiff ***disputed the inaccuracies in writing*** via CRA Defendants' established mechanisms and procedures to dispute consumer credit information.

- 1 -

5.      Upon receipt of Plaintiff's dispute, CRA Defendants were legally required to: (i) conduct a reasonable investigation or re-investigation into all the circumstances surrounding the dispute; and (ii) when and if appropriate, remove any inaccurate information following the performance of the reasonable investigation.  At a minimum, CRA Defendants were required to mark the status of the tradelines/accounts as disputed on the consumer's background reports but failed to do so.

6.      Furnisher Defendants received notice from CRA Defendants that Plaintiff disputed the inaccuracies alleged herein on Plaintiff's consumer background reports.  Furnisher Defendants failed to conduct a reasonable investigation with respect to the disputed information within 30 to 45 days and failed to mark the accounts as disputed.

7.      CRA Defendants willfully, intentionally, recklessly and negligently failed to do any of the above actions in violation of the FCRA, § 1681 *et seq.* of Title 15 of the United States Code, including § 1681e(b), which obligated CRA Defendants to instate and follow reasonable procedures and policies to ensure maximum possible accuracy in consumer background reports.  CRA Defendants willfully, intentionally, recklessly and negligently violated § 1681i, which required them to perform a reasonable investigation to remove the inaccurate information after receiving Plaintiff's dispute letters.  After receiving notice of Plaintiff's dispute from CRA Defendants, Furnisher Defendants failed to conduct a reasonable investigation with respect to the disputed information in violation of § 1681s-2(b).

8.      Plaintiff also disputed in writing to Defendant TransUnion inaccuracies in account balances information reported by it and defendant AR Resources, Inc. ("ARR" or "FDCPA Defendant"), a debt collector collecting on two purported debts owed to RMA of New Jersey, in

Plaintiff's consumer background reports. Defendant TransUnion failed to mark the accounts as disputed and continued to report the inaccurate information.

9.      Upon information and belief, ARR received notice from TransUnion that Plaintiff disputed the inaccurate account balance information. After receiving notice of Plaintiff's dispute from TransUnion, ARR was required under § 1692(e)(8) to refrain from communicating to anyone account balances which should be known to be false, and had an affirmative obligation to communicate on Plaintiff's consumer background report that the account information was disputed. Defendant ARR violated the FDCPA by failing to mark the two accounts as disputed on Plaintiff's reports issued by TransUnion.

10.     Plaintiff brings this action in order to recover, *inter alia*, statutory damages, pre-judgment and post-judgment interest, and reasonable attorneys' fees and expenses for injuries suffered as a result of Defendants' misconduct. Defendants' erroneous reporting of inaccurate information in Plaintiff's consumer background reports continues to affect Plaintiff's creditworthiness and credit score. As a result of Defendants' misconduct, Plaintiff has suffered a decreased credit score, the loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

## JURISDICTION AND VENUE

11.     This Court has jurisdiction over this action pursuant to: (i) 28 U.S.C. § 1331; (ii) 15 U.S.C. § 1681p, which states that "[a]n action to enforce any liability created under this title may be brought in any appropriate United States district court, without regard to the amount in controversy…"; and (iii) 15 U.S.C. § 1692k(d), which states that "an action to enforce any liability created by this subchapter [the FDCPA] may be brought in any appropriate United States district court without regard to the amount in controversy…"

12.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

**Plaintiff**

13.     Plaintiff Chana Fulop is a resident of Brooklyn, NY, and qualifies as a "consumer" as that term is defined under 15 U.S.C. § 1681a(c). Plaintiff is an individual (and not an entity).

**Defendants**

**CRA Defendants**

14.     Defendant Equifax Information Services, LLC is a consumer reporting that regularly conducts business in this judicial district.  Defendant Equifax has a principal place of business located at 1550 Peachtree Street, NW, Atlanta, GA 30309, is registered to do business in the State of New York, and may be served with process upon The Corporation Service Company, its registered agent for service of process at 80 State Street, Albany, NY 12207. Defendant Equifax Information Services, LLC, is a subsidiary of Equifax, Inc.  Defendant qualifies as a "consumer reporting agency" under 15 U.S.C. § 1681a(f), and, by contractual agreement, disbursed consumer background reports for remuneration to third parties.

15.     Defendant Trans Union, LLC is a consumer reporting that regularly conducts business in this judicial district.  Defendant Trans Union, LLC has a principal place of business located at 555 West Adams, Chicago, IL 60661, is registered to do business in the State of New York, and may be served with process upon Prentice Hall Corp. Systems, Inc., its registered agent for service of process at 80 State Street, Albany, NY 12207. Defendant qualifies as a "consumer reporting agency" under 15 U.S.C. § 1681a(f), and, by contractual agreement, disbursed Plaintiff's consumer background reports for remuneration to third parties.

**Furnisher Defendants**

16.     Defendant American Express Company is a publicly traded, globally integrated payments company that provides customers and businesses around the world with access to financial

products and services, including charge and credit card products. American Express earned over $40 billion in revenues in 2018. American Express' principal place of business is located in this judicial district at 200 Vesey Street, New York, NY 10285. Defendant American Express qualifies as a "furnisher" of credit information as that term is used in 15 U.S.C. § 1681s-2(b).

17.    Defendant Citibank, N.A. is a subsidiary of Citigroup, Inc. – one of the world's largest financial institutions with its principal place of business in this judicial district at 399 Park Avenue, New York, NY 10022 – and provides commercial and consumer banking products and services. It offers checking accounts, savings accounts, certificates of deposit, and individual retirement accounts and rollovers, credit cards. Defendant Citi further offers lending products and investment products and provides business and small business banking products, cash management, treasury management, and merchant services. Defendant Citi qualifies as a "furnisher" of credit information as that term is used in 15 U.S.C. § 1681s-2(b), and has a principal place of business located at 701 East 60th Street North, Sioux Falls, SD 57104.

**FDCPA Defendant**

18.    Defendant AR Resources, Inc. is a "debt collector" as that term is defined by 15 U.S.C. § 1692(a)(6) and also qualifies as a "furnisher" of credit information as that term is used in 15 U.S.C. § 1681s-2(b). Defendant ARR's corporate offices are located at 3107 Spring Glen Road, Suite 214, Jacksonville, Fl 32207. On June 17, 2016, Defendant ARR registered with the New York Secretary of State to conduct business in New York. Upon information and belief, AR RESOURCES uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

19.    CRA Defendants, Furnisher Defendants and FDCPA Defendant are collectively known herein as "Defendants."

- 5 -

## SUBSTANTIVE ALLEGATIONS

**The FCRA**

20.     As described above, Congress enacted § 1681 *et seq.* of Title 15 of the United States Code, which § 1681(a) states as follows:

"The banking system is dependent upon fair *and accurate* credit reporting. *Inaccurate credit reports directly impair the efficiency of the banking system*, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system.

(2) An elaborate mechanism has been developed for investigating and evaluating the credit worthiness, credit standing, credit capacity, character, and general reputation of consumers.

(3) Consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers.

(4) There is a *need to insure that consumer reporting agencies exercise their grave responsibilities with fairness*, impartiality, and a respect for the consumer's right to privacy.

(Emphasis added).

21.     The FCRA mandates CRAs to adhere to the following twin duties: (i) to assure maximum possible accuracy of information when preparing consumer reports and to set up reasonable policies procedures to maintain compliance with this minimum reporting standard; and (ii) to reinvestigate the facts and circumstances surrounding a dispute by consumers and to appropriately and timely correct any inaccuracies, including by quickly notifying the furnisher and any other parties in the distribution chain of the disputed inaccuracies.

22.     CRA Defendants compile, maintain, and report information concerning Plaintiff's creditworthiness, credit-standing, credit capacity, character, and general reputation. That information is then made available for use by third parties in credit transactions involving consumers, for employment purposes, the underwriting of insurance for consumers, and even housing. Plaintiff has a legally protected interest in CRA Defendants fulfilling their respective

duties under the FCRA, so that the information reported and maintained by Defendants is done fairly, to support maximum levels of confidentiality, accuracy, and relevancy.

23.     Furnishers, after receiving notice of a consumer's dispute from a CRA that information was inaccurate, are required to conduct a reasonable investigation with respect to the disputed information. When and if appropriate, furnishers are obligated to remove any inaccurate information following the performance of the reasonable investigation. At a minimum, furnishers and CRAs are required to mark the status of the tradeline/account as disputed on the consumer's background reports.

**American Express**

24.     Upon information and belief, on a date better known to CRA Defendants, consumer background reports were issued by CRA Defendants concerning Plaintiff that included inaccurate information in connection with an American Express credit card account.

25.     CRA Defendants failed to accurately disclose Plaintiff's credit card account balance and credit payment history.  On April 16, 2019, Plaintiff sent letters to CRA Defendants disputing the accuracy of the reporting of two American Express account balances and credit payment history, including the inaccurate reporting of late payments in December 2018 and January 2019. Moreover, Plaintiff notified CRA Defendants that there was a discrepancy between the account balances and the past due amounts in each respective report.  Either the past due amounts and/or the past due balances were inaccurate, as the account was charged off, and, regardless, the past due balance amounts should have matched the account balances.  Plaintiff disputed the discrepancies.  Upon information and belief, CRA Defendants notified Defendant American Express about Plaintiff's dispute.  Upon receipt of the dispute by CRA Defendants, Defendant American Express failed to conduct a reasonable investigation with respect to the disputed account balances and payment

history, and continued to report the incorrect balances and payment history on Plaintiff's consumer

background reports.

26.     Egregiously, Defendant American Express failed to mark the accounts as disputed in

Plaintiff's consumer background reports issued by CRA Defendants.

**Citi**

27.     Upon information and belief, on a date better known to CRA Defendants, consumer

background reports were issued by CRA Defendants concerning Plaintiff that included inaccurate

information in connection with a Citi credit card account.

28.     CRA Defendants failed to accurately disclose Plaintiff's credit card account balance

and credit payment history.  On April 16, 2019, Plaintiff sent letters to CRA Defendants disputing

the accuracy of the reporting of the Citi account balance and credit payment history, including the

inaccurate reporting of late payments from July 2017 through September 2017.  Moreover, Plaintiff

notified CRA Defendants that there was a discrepancy between the account balances and the past

due amounts in each respective report.  Either the past due amounts and/or the past due balances

were inaccurate, as the account was charged off, and, regardless, the past due balance amounts

should have matched the account balances.  Plaintiff disputed the discrepancies.  Upon information

and belief, CRA Defendants notified Defendant Citi about Plaintiff's dispute.  Upon receipt of the

dispute by CRA Defendants, Defendant Citi failed to conduct a reasonable investigation with respect

to the disputed account balances and payment history, and continued to report the incorrect balances

and payment history on Plaintiff's consumer background reports.

29.     Egregiously, Defendant Citi failed to mark the account as disputed in Plaintiff's

consumer background reports issued by CRA Defendants.

**Plaintiff suffered harm from CRA Defendants' willful, intentional, reckless and/or negligent misconduct**

30. CRA Defendants have been reporting inaccurate information about Plaintiff's consumer background to numerous credit companies and persons, both known and unknown, through the publication of consumer background reports.

31. The inaccurate information includes the nature of at least one of Plaintiff's tradelines/accounts as well as personal identifying information, including, but not limited to, Plaintiff's American Express and Citi credit card accounts.

32. This inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a consumer and overall credit worthiness. After noticing the inaccuracies reported by CRA Defendants, Plaintiff disputed the inaccuracies in writing via CRA Defendants' established mechanisms and procedures to dispute consumer credit information. Despite being placed on notice of the inaccuracies, CRA Defendants sent Plaintiff correspondence indicating their intent to continue reporting the inaccurate information and the inaccurate information continues to be published in Plaintiff's consumer background reports.

33. Upon information and belief, CRA Defendants contacted Furnisher Defendants and notified them of the disputes. As part of any reasonable or even rudimentary investigation or re-investigation, CRA Defendants should have then sent all the relevant evidence/facts to Furnisher Defendants and further contacted other third parties that would have been able to corroborate the facts averred in Plaintiff's dispute. CRA Defendants could have also requested information from these companies, including credit applications and other relevant documents and things, or contacted Plaintiff to follow up with additional information requests. CRA Defendants willfully, intentionally, recklessly and negligently failed to take any of these steps subsequent to Plaintiff's dispute,

importantly, failed to perform any reasonable investigation, and ultimately failed to remove the inaccurate information.

## CRA Defendants failed to maintain adequate policies and procedures

34.   CRA Defendants systematically violated the FCRA by failing to adhere to and maintain reasonable procedures to assure the maximum possible accuracy of information in the consumer background reports they published.

35.   Upon receipt of Plaintiff's dispute, CRA Defendants were legally required to: (i) conduct a reasonable investigation or re-investigation into all the circumstances surrounding the dispute; and (ii) when and if appropriate, remove any inaccurate information following the performance of the reasonable investigation.  At a minimum, CRA Defendants were required to mark the status of the tradelines/accounts as disputed on the consumer's background reports, but failed to do so.

36.   CRA Defendants failed to take any of these steps in violation of the FCRA and Plaintiff is entitled to damages.

## Defendant ARR Willfully and/or Negligently Violated the FDCPA

37.   As noted above, Plaintiff also disputed in writing to Defendant TransUnion inaccuracies in account balances information reported by it and ARR in Plaintiff's consumer background reports.  Defendant TransUnion failed to mark the accounts as disputed and continued to report the inaccurate information.

38.   Upon information and belief, ARR received notice from TransUnion that Plaintiff disputed the inaccurate account balance information.  After receiving notice of Plaintiff's dispute from TransUnion, ARR failed to mark the two accounts as disputed on Plaintiff's reports issued by TransUnion.

**Actual Damages**

39.     Plaintiff has suffered actual damages through harm to her consumer background reputation and overall credit score, and by missing opportunities and denied the ability to procure additional credit.

## CAUSES OF ACTION

## COUNT I

### Against CRA Defendants for Violations of the FCRA, 15 U.S.C. §§ 1681e and 1681i

40.     Plaintiff incorporates by reference the preceding allegations as though fully set forth herein.

41.     The relevant subparts for FCRA claims under 15 U.S.C. § 1681e is 15 U.S.C. § 1681e(b). More specifically, 15 U.S.C. § 1681e(b) requires that:

> Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure *maximum possible accuracy* of the information concerning the individual about whom the report relates.

42.     Under 15 U.S.C. § 1681i, *inter alia*:

(a)     Reinvestigations of Disputed Information

(1)     Reinvestigation Required

> *In general.* ...if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency *is disputed by the consumer* and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, *the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information*, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

(2) Prompt Notice of Dispute to Furnisher of Information

(A) *In general. Before the expiration of the 5-business-day period* beginning on the date on which a consumer reporting agency receives notice of a dispute from any consumer or a reseller in accordance with paragraph (1), *the agency shall provide notification of the dispute to any person who provided any item of information in dispute, at the address and in the manner established with the person.* The notice

- 11 -

shall include all relevant information regarding the dispute that the agency has received from the consumer or reseller.

(Emphasis added).

43.    In violation of §§ 1681e(b) and 1681(i), CRA Defendants failed to follow reasonable procedures to ensure maximum possible accuracy of the information attributable to Plaintiff, by reporting inaccurate information in Plaintiff's consumer background report.  Plaintiff disputed the inaccurate information and still Defendants willfully, intentionally, recklessly and negligently failed to perform a reasonable investigation to remove the inaccurate information.

44.    In violation of § 1681o and § 1681n, CRA Defendants' conduct was a direct and proximate cause of Plaintiff's injury and is, therefore, liable to Plaintiff for their negligent and willful failures to follow reasonable policies and procedures.  As a result of CRA Defendants' violations of 15 U.S.C. §§ 1681e(b) and 1681i, Plaintiff suffered statutory and actual damages as described herein and is entitled to recover actual damages and punitive damages, pursuant to 15 U.S.C. §§ 1681n and 1681o.

## COUNT II

### Against Furnisher Defendants for Violation of the FCRA, 15 U.S.C. § 1681s-2(b)

45.    Plaintiff incorporates by reference the preceding allegations as though fully set forth herein.

46.    Under 15 U.S.C. § 1681s-2(b), *inter alia*:

After receiving notice pursuant to 15 U.S.C. § 1681i(a)(2) of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall –

(A) *conduct an investigation with respect to disputed information*;

(B) review all relevant information provided by the consumer reporting agency pursuant to § 1681i(a)(2) of this title;

(C) report the results of the investigation to the consumer reporting agency; [and]

- 12 -

(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information…

(Emphasis added).

47.     Furnisher Defendants failed to conduct a timely and reasonable investigation of Plaintiff's disputes after receiving notice from CRA Defendants concerning Plaintiff's disputes. Furnisher Defendants have further willfully, intentionally, recklessly and/or negligently continued to report such inaccurate information to CRA Defendants, and have failed to, at a minimum, mark the above accounts as disputed.

48.     Instead of removing the inaccurate information, Furnisher Defendants improperly claim that the inaccurate information is verified and verified the inaccurate information to CRA Defendants in response to Plaintiff's disputes.

49.     Furnisher Defendants' conduct was a direct and proximate cause in causing the damages suffered by Plaintiff.  As a result of Furnisher Defendants' misconduct complained about herein, Plaintiff has suffered actual damages in the form of lost credit opportunities, harm to credit reputation and credit score, and emotional distress.

50.     As a result of Furnisher Defendants' misconduct, Plaintiff is entitled to statutory, actual, and punitive damages pursuant to 15 U.S.C. §§ 1681n and 1681o.

## COUNT III

### Against FDCPA Defendant for Violation of the FDCPA, 15 U.S.C. § 1692(e)

51.     Plaintiff incorporates by reference the preceding allegations as though fully set forth herein.

52.     15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated

consumer." While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

53.     Under 15 U.S.C. § 1692(e), *inter alia*:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

\*          \*          \*

(8)     Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, *including the failure to communicate that a disputed debt is disputed*.

(Emphasis added).

54.     Defendant ARR received notice from TransUnion that Plaintiff disputed the inaccurate account balance information.   After receiving notice of Plaintiff's dispute from TransUnion, ARR willfully and/or negligently failed to mark the two ARR accounts as disputed on Plaintiff's reports issued by TransUnion and continued to communicate the inaccurate information.

55.     Plaintiff has suffered damages as a result of Defendant ARR's misconduct, including, but not limited to, emotional stress and is entitled to preliminary and permanent injunctive relief, including declaratory relief, and damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands a judgment:

A.     awarding Plaintiff statutory money damages, actual damages and punitive damages, including pre-judgment and post-judgment interest;

B.     awarding attorneys' fees and costs, and other relief; and

C.     awarding such other relief as to this Court may seem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED:  June 27, 2019

**COHEN & MIZRAHI LLP**
EDWARD Y. KROUB

/s/ Edward Y. Kroub
EDWARD Y. KROUB

DANIEL C. COHEN
EDWARD Y. KROUB
300 Cadman Plaza West, 12th Floor
Brooklyn, NY  11201
Telephone:  929/575-4175
929/575-4195 (fax)
dan@cml.legal
edward@cml.legal

*Attorneys for Plaintiff*

7/16/19  1:37 Pm          MR. KROUB  WE ARE NOT THE RIGHT
                          PLAINTIFF  THEY ARE  IN THE PROCESS
                          OF AMENDING THE COMPLAINT

JS 44C/SDNY
REV. 06/01/17

CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

| PLAINTIFFS | DEFENDANTS |
|---|---|
| CHANA FULOP | EQUIFAX INFORMATION SERVICES, LLC, TRANS UNION, LLC, AMERICAN EXPRESS CO., AR RESOURCES, INC. and CITIBANK, N.A. |

ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER
COHEN & MIZRAHI LLP
300 CADMAN PLAZA WEST, 12th FLOOR
BROOKLYN, NY 11201  (929) 575-4175

ATTORNEYS (IF KNOWN)

CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)
(DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

15 U.S.C. § 1681, et seq. ("FCRA")

Has this action, case, or proceeding, or one essentially the same been previously filed in SDNY at any time? No [X] Yes [ ]

Judge Previously Assigned

If yes, was this case  Vol. [ ]  Invol. [ ]  Dismissed. No [ ]  Yes [ ]  If yes, give date _____  & Case No. _____

IS THIS AN INTERNATIONAL ARBITRATION CASE?      No [X]      Yes [ ]

(PLACE AN [x] IN ONE BOX ONLY)                NATURE OF SUIT

TORTS                                         ACTIONS UNDER STATUTES

CONTRACT

[ ] 110  INSURANCE
[ ] 120  MARINE
[ ] 130  MILLER ACT
[ ] 140  NEGOTIABLE INSTRUMENT
[ ] 150  RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT
[ ] 151  MEDICARE ACT
[ ] 152  RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS)
[ ] 153  RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS
[ ] 160  STOCKHOLDERS SUITS
[ ] 190  OTHER CONTRACT
[ ] 195  CONTRACT PRODUCT LIABILITY
[ ] 196  FRANCHISE

PERSONAL INJURY

[ ] 310  AIRPLANE
[ ] 315  AIRPLANE PRODUCT LIABILITY
[ ] 320  ASSAULT, LIBEL & SLANDER
[ ] 330  FEDERAL EMPLOYERS' LIABILITY
[ ] 340  MARINE
[ ] 345  MARINE PRODUCT LIABILITY
[ ] 350  MOTOR VEHICLE
[ ] 355  MOTOR VEHICLE PRODUCT LIABILITY
[ ] 360  OTHER PERSONAL INJURY
[ ] 362  PERSONAL INJURY - MED MALPRACTICE

PERSONAL INJURY
[ ] 367  HEALTHCARE/ PHARMACEUTICAL PERSONAL INJURY/PRODUCT LIABILITY
[ ] 365  PERSONAL INJURY PRODUCT LIABILITY
[ ] 368  ASBESTOS PERSONAL INJURY PRODUCT LIABILITY

PERSONAL PROPERTY
[ ] 370  OTHER FRAUD
[ ] 371  TRUTH IN LENDING
[ ] 380  OTHER PERSONAL PROPERTY DAMAGE
[ ] 385  PROPERTY DAMAGE PRODUCT LIABILITY

PRISONER PETITIONS
[ ] 463  ALIEN DETAINEE
[ ] 510  MOTIONS TO VACATE SENTENCE 28 USC 2255
[ ] 530  HABEAS CORPUS
[ ] 535  DEATH PENALTY
[ ] 540  MANDAMUS & OTHER

ACTIONS UNDER STATUTES

CIVIL RIGHTS

[ ] 440  OTHER CIVIL RIGHTS (Non-Prisoner)
[ ] 441  VOTING
[ ] 442  EMPLOYMENT
[ ] 443  HOUSING/ ACCOMMODATIONS
[ ] 445  AMERICANS WITH DISABILITIES - EMPLOYMENT
[ ] 446  AMERICANS WITH DISABILITIES -OTHER
[ ] 448  EDUCATION

FORFEITURE/PENALTY
[ ] 625  DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
[ ] 690  OTHER

PROPERTY RIGHTS
[ ] 820  COPYRIGHTS
[ ] 830  PATENT
[ ] 835  PATENT-ABBREVIATED NEW DRUG APPLICATION
[ ] 840  TRADEMARK

LABOR
[ ] 710  FAIR LABOR STANDARDS ACT
[ ] 720  LABOR/MGMT RELATIONS
[ ] 740  RAILWAY LABOR ACT
[ ] 751  FAMILY MEDICAL LEAVE ACT (FMLA)
[ ] 790  OTHER LABOR LITIGATION
[ ] 791  EMPL RET INC SECURITY ACT (ERISA)

IMMIGRATION
[ ] 462  NATURALIZATION APPLICATION
[ ] 465  OTHER IMMIGRATION ACTIONS

BANKRUPTCY
[ ] 422  APPEAL 28 USC 158
[ ] 423  WITHDRAWAL 28 USC 157

SOCIAL SECURITY
[ ] 861  HIA (1395ff)
[ ] 862  BLACK LUNG (923)
[ ] 863  DIWC/DIWW (405(g))
[ ] 864  SSID TITLE XVI
[ ] 865  RSI (405(g))

FEDERAL TAX SUITS
[ ] 870  TAXES (U.S. Plaintiff or Defendant)
[ ] 871  IRS-THIRD PARTY 26 USC 7609

OTHER STATUTES
[ ] 375  FALSE CLAIMS
[ ] 376  QUI TAM
[ ] 400  STATE REAPPORTIONMENT
[ ] 410  ANTITRUST
[ ] 430  BANKS & BANKING
[ ] 450  COMMERCE
[ ] 460  DEPORTATION
[ ] 470  RACKETEER INFLUENCED & CORRUPT ORGANIZATION ACT (RICO)
[X] 480  CONSUMER CREDIT
[ ] 490  CABLE/SATELLITE TV
[ ] 850  SECURITIES/ COMMODITIES/ EXCHANGE

[ ] 890  OTHER STATUTORY ACTIONS
[ ] 891  AGRICULTURAL ACTS

[ ] 893  ENVIRONMENTAL MATTERS
[ ] 895  FREEDOM OF INFORMATION ACT
[ ] 896  ARBITRATION
[ ] 899  ADMINISTRATIVE PROCEDURE ACT/REVIEW OR APPEAL OF AGENCY DECISION
[ ] 950  CONSTITUTIONALITY OF STATE STATUTES

REAL PROPERTY
[ ] 210  LAND CONDEMNATION
[ ] 220  FORECLOSURE
[ ] 230  RENT LEASE & EJECTMENT
[ ] 240  TORTS TO LAND
[ ] 245  TORT PRODUCT LIABILITY
[ ] 290  ALL OTHER REAL PROPERTY

PRISONER CIVIL RIGHTS
[ ] 550  CIVIL RIGHTS
[ ] 555  PRISON CONDITION
[ ] 560  CIVIL DETAINEE CONDITIONS OF CONFINEMENT

Check if demanded in complaint:

[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $_____  OTHER _____

Check YES only if demanded in complaint
JURY DEMAND: [X] YES [ ] NO

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y. AS DEFINED BY LOCAL RULE FOR DIVISION OF BUSINESS 13?
IF SO, STATE:

JUDGE _____  DOCKET NUMBER_____

NOTE: You must also submit at the time of filing the Statement of Relatedness form (Form IH-32).

**ORIGIN**

*(PLACE AN  x  IN ONE BOX ONLY)*

[x] 1 Original Proceeding   [ ] 2 Removed from State Court   [ ] 3 Remanded from Appellate Court   [ ] 4 Reinstated or Reopened   [ ] 5 Transferred from (Specify District)   [ ] 6 Multidistrict Litigation (Transferred)   [ ] 7 Appeal to District Judge from Magistrate Judge

[ ] a.  all parties represented

[ ] b.  At least one party is pro se.

[ ] 8 Multidistrict Litigation (Direct File)

*(PLACE AN  x  IN ONE BOX ONLY)*

**BASIS OF JURISDICTION**

*IF DIVERSITY, INDICATE CITIZENSHIP BELOW.*

[ ] 1 U.S. PLAINTIFF   [ ] 2 U.S. DEFENDANT   [x] 3 FEDERAL QUESTION (U.S. NOT A PARTY)   [ ] 4 DIVERSITY

CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)

(Place an [X] in one box for Plaintiff and one box for Defendant)

|  | PTF | DEF |  | PTF DEF |  | PTF | DEF |
|---|---|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [ ]1 | [ ]1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ]3 [ ]3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ]5 | [ ]5 |
| CITIZEN OF ANOTHER STATE | [ ]2 | [ ]2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ]4 [ ]4 | FOREIGN NATION | [ ]6 | [ ]6 |

PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)

DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)

DEFENDANT(S) ADDRESS UNKNOWN

REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

**COURTHOUSE ASSIGNMENT**

I hereby certify that this case should be assigned to the courthouse indicated below pursuant to Local Rule for Division of Business 18, 20 or 21.

Check one:   THIS ACTION SHOULD BE ASSIGNED TO:   [ ] WHITE PLAINS   [x] MANHATTAN

DATE   06/27/2019

SIGNATURE OF ATTORNEY OF RECORD   /s/ Edward Y. Kroub

RECEIPT #

ADMITTED TO PRACTICE IN THIS DISTRICT
[ ] NO
[X] YES (DATE ADMITTED Mo. **March**  Yr. **2007** )
Attorney Bar Code # **EK-4999**

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge _____ is so Designated.

Ruby J. Krajick, Clerk of Court by _____ Deputy Clerk, DATED _____.

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)

Clear Form          Save          Print

Accel Process Service Mail - Please Serve: Fulop v. Equifax et. al; Case No. 1:19-cv-06033-PGG

7/1/2019



Dee Tedesco <serve@accelprocessservice.com>

**Please Serve: Fulop v. Equifax et. al; Case No. 1:19-cv-06033-PGG**
1 message

**Jennifer Mizrahi** <jennifer@cml.legal>
To: "Accel Process Service, Inc." <serve@accelprocessservice.com>

Good afternoon,

Please serve the attached documents in connection with the above-referenced case, to AR RESOURCES, INC. - address in the attached summons' rider.

Thank you,

--



**Jennifer Mizrahi** | Paralegal

a: 300 Cadman Plaza W, 12th Fl, Brooklyn, NY 11201
p: 929-575-4175 | f: 929-575-4195
e: jennifer@cml.legal | w: cml.legal

CONFIDENTIALITY NOTICE: This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed and it may contain information that is confidential, privileged, proprieta
recipient, you are prohibited from copying, disclosing, distributing, disseminating or otherwise using this transmission in any way. If you have received this transmission in error, please immediately notify the sender and delete this tran

**3 attachments**

**Summons.pdf**
80K

**Complaint.pdf**
188K

**CCS.pdf**
1021K

https://mail.google.com/mail/u/0?ik=a8ffb2c19b&view=pt&search=all&permthid=thread-f%3A1637883153901749738%7Cmsg-f%3A16378831539017...   1/1



Jennifer Mizrahi – Paralegal
300 Cadman Plaza W, 12th Floor
Brooklyn, NY 11201
P: 929-575-4175 | F: 929-575-4195
E: jennifer@cml.legal | W: cml.legal

July 2, 2019

**VIA USPS- CERTIFIED MAIL**
AR Resources, Inc.
3107 Spring Glen Road, Suite 214
Jacksonville, FL 32207

Re:   *Chana Fulop v. Equifax Information Services, LLC, et. al*
      Case No. 1:19-cv-06033-PGG

To Whom This May Concern:

As per Judge's Orders, enclosed please find the Notice of Pretrial Conference and the Judge's Individual Rules of Practice in connection with the above-referenced case.

If you have any questions or concerns, please do not hesitate to contact our office.

Very truly yours,

Jennifer Mizrahi

cc: Edward Kroub, Esq.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHANA FULOP,

Plaintiff,

v.

EQUIFAX INFORMATION SERVICES,
LLC, TRANS UNION, LLC, AMERICAN
EXPRESS CO., AR RESOURCES, INC. and
CITIBANK, N.A.,

Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: July 1, 2019
```

**NOTICE OF
PRETRIAL CONFERENCE**

19 Civ. 6033 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

Counsel for all parties are directed to appear before the Court for an initial pretrial conference in accordance with Rule 16 of the Federal Rules of Civil Procedure on **Thursday, October 31, 2019 at 10:00 a.m.** in Courtroom 705 of the Thurgood Marshall United States Courthouse, 40 Foley Square, New York, New York. **COUNSEL FOR PLAINTIFF(S) MUST: (i) IMMEDIATELY NOTIFY ALL ATTORNEYS IN THIS ACTION BY SERVING UPON EACH OF THEM COPIES OF THIS NOTICE AND THE COURT'S INDIVIDUAL PRACTICES; AND (ii) SEND A COPY OF SUCH NOTICE TO CHAMBERS (without attachments). IF COUNSEL FOR PLAINTIFF(S) IS UNAWARE OF THE IDENTITY OF COUNSEL FOR ANY OF THE PARTIES, COUNSEL FOR PLAINTIFF(S) MUST IMMEDIATELY SEND COPIES OF THE NOTICE AND INDIVIDUAL PRACTICES TO THAT PARTY PERSONALLY.** Principal trial counsel must appear at this and all subsequent conferences.

This case has been designated as an electronic case and has been assigned to me for all purposes. By the date of the initial pretrial conference, counsel for all parties must register as filing users in accordance with the Procedures for Electronic Case Filing and file a Notice of Appearance.

Seven days before the conference, the parties must submit a joint letter addressing the following in separate paragraphs: (1) a brief description of the case, including the factual and legal bases for the claim(s) and defense(s); (2) any contemplated motions; and (3) the prospect for settlement. For the Court's convenience, the parties must set forth the conference's date and time in the joint letter's opening paragraph. The Court directs the parties to consult its Individual Practices and model Case Management Plan and Scheduling Order – both of which are available on the Court's web site – and to submit with their joint letter a jointly proposed Case Management Plan.

In any case involving allegations of personal injury – whether physical, psychological, emotional, or otherwise – the Plaintiff is to provide to the Defendant prior to the initial pretrial conference all necessary medical authorizations.

The parties should be aware that the Court requires a pre-motion conference before any motion is filed, in accordance with Rule 4(A) of the Court's Individual Practices.

The Court will consider requests for adjournment of the conference only if they are in writing and otherwise in accordance with the Court's Individual Practices.

If this case has been settled or otherwise terminated, counsel are required to notify the Court – **before the date of the conference** – by calling (212) 805-0224, and must send a stipulation of discontinuance, voluntary dismissal, or other proof of termination via email to the Orders and Judgments Clerk at the following email address: judgments@nysd.uscourts.gov.

Dated: New York, New York
        July 1, 2019

SO ORDERED.

Paul G. Gardephe
United States District Judge

Last updated April 30, 2019

# INDIVIDUAL RULES OF PRACTICE OF JUDGE PAUL G. GARDEPHE
## CIVIL CASES

**Chambers**
United States District Court
Southern District of New York
40 Foley Square, Room 2204
New York, New York  10007
Phone:  (212) 805-0224
http://www.nysd.uscourts.gov/judge/Gardephe

**Courtroom**
40 Foley Square, Courtroom 705
Michael Ruocco, Courtroom Deputy Clerk
Phone:  (212) 805-0102

**Unless otherwise ordered, these Individual Practices apply to all civil matters assigned to the Honorable Paul G. Gardephe, except for _pro se_ cases.**

## I.     COMMUNICATIONS WITH CHAMBERS

**A.     Letters**  Except as otherwise provided below, communications with the Court shall be by letter.  Letters may not exceed 5 pages in length.  Unless accompanied by a request to file under seal, letters shall be filed electronically on ECF.  **Please do not provide courtesy copies of letters.**  Letters to be filed under seal should be delivered to the Court by mail or hand delivery.  See Rule II below regarding sealing requests.  Include the case number on all letters.  Copies of letters to the Court shall be simultaneously delivered to all counsel, whether via ECF notification or other means.  Copies of correspondence between counsel shall not be sent to the Court.  Refer to Rule IV(E) below for letters concerning discovery disputes.

**B.     Telephone Calls**  Telephone calls to Chambers are permitted only in emergency situations requiring immediate attention.  In such situations only, call Chambers at (212) 805-0224.  Ex parte telephone calls will ordinarily not be accepted; wherever possible, counsel for all affected parties should be on the line when a call to Chambers is placed, except to the extent that similarly situated parties have designated a lead counsel to represent them on such a call.  Please be ready to provide your case number when calling Chambers.

**C.     Hand Deliveries**  Hand deliveries made to Chambers must be simultaneously delivered to all counsel.  Hand-delivered mail should be left with the Court Security Officer at the Worth Street entrance of the Daniel Patrick Moynihan Courthouse, 500 Pearl Street; it may not be brought to Chambers.

**D.     Requests for Extension of Deadlines**  All requests for extensions of deadlines shall be made as soon as a party is aware of the need for the extension and, in any event, no later than two business days prior to the scheduled deadline, absent an emergency.  Requests should be made in writing in accordance with Rule I(A) above, or by joint stipulation.  The request must state: (1) the deadline(s) sought to be extended, (2) the length of time requested for the extension, (3) the number of previous requests for extensions and the Court's rulings, (4) the reason for the current request, and (5) whether the adversary consents and, if not, the reasons given by the adversary for refusing to consent.  If the requested extension affects any other scheduled dates, the request must list the proposed change for all such other dates.  If all parties

consent to the extension, a stipulation that reflects the required information may be filed.  Note: to the extent a party's adversary does not consent to a request regarding a discovery deadline, the party must also comply with the requirements of Rule IV(E) below.

      **E.**   **Requests for Adjournment of Court Appearances (Including Telephone Conferences)**  A request for an adjournment of a court appearance shall be made as soon as a party is aware of the need for the adjournment and, in any event, no later than two business days prior to the scheduled appearance, absent an emergency.  Requests should be made in writing in accordance with Rule I(A) above.  The request must state:  (1) the date of the scheduled appearance, (2) the length of time requested for the adjournment and suggested dates on which all parties are available (civil conferences are typically held on Thursday mornings), (3) the reason for the requested adjournment, (4) whether the adversary consents, and, if not, the reasons given by the adversary for refusing to consent.  The appearance is not adjourned unless counsel are thereafter informed – typically by the posting of a signed order on ECF – that the written application has been granted.

**II.**   **SEALING REQUESTS**

      Requests for sealing should be made by letter brief and must be supported by applicable case law, see Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-20 (2d Cir. 2006, and an attorney declaration setting forth particularized allegations justifying such relief.  The requesting party should indicate whether all parties have consented to the request.  Any party opposing the request should do so by letter brief submitted within three business days after the request is made.  Sealing requests may be hand delivered or mailed to Chambers and need not be filed on ECF.

**III.**   **MEDICAL AUTHORIZATIONS**

      In any case involving allegations of personal injury – whether physical, psychological, emotional or otherwise – the plaintiff is to provide to the defendant all necessary medical authorizations within 10 days after an answer or other responsive pleading is filed.

**IV.**   **MOTIONS**

      **A.**   **Pre-Motion Conferences in Civil Cases**  Pre-motion conferences are required for the following motions:  discovery motions, motions to amend pleadings, motions to file a third party complaint, motions for sanctions, transfer motions, summary judgment motions, Fed. R. Civ. P. 12 motions, Fed. R. Civ. P. 21 motions, and Fed. R. Civ. P. 42 motions.  Pre-motion conferences are not otherwise required.  To request a pre-motion conference, send the Court a letter of no more than 5 pages, describing the grounds for the proposed motion and whether the motion is on consent of all parties.  If the motion is not on consent, any opposing party should submit a letter setting forth its position, of no more than 5 pages, within 3 business days after the request is made.  All pre-motion letters should be filed in accordance with Rule I(A) above.  The submission of a pre-motion letter does not stay any future deadlines, except that submission of a pre-motion letter concerning a motion to dismiss will stay the defendant's time to answer or

otherwise move with respect to the complaint.  **A pre-motion conference is not required in <u>pro se</u> cases.**

     **B.**    <u>Memoranda of Law</u>  Unless prior permission has been granted, memoranda of law in support of and in opposition to motions are limited to 25 double-spaced pages, and reply memoranda are limited to 10 double-spaced pages.  Memoranda of 10 pages or more shall contain a table of contents and a table of authorities.  Both the text and footnotes must be in 12-point font.

     **C.**    <u>Filing of Motion Papers ("Bundling Rule")</u>  In all cases (except <u>pro se</u> cases), the moving party shall electronically file motion and reply papers on ECF <u>only when the entire motion has been briefed</u>.  The responding party shall electronically file opposition papers <u>only when noticed by the moving party that the motion and reply papers are being filed</u>.  Parties shall send one courtesy copy of any submission to Chambers at the time they are electronically filed.  <u>See</u> Rule VI below regarding courtesy copies.  Motions for reconsideration and motions <u>in limine</u> are not subject to the "bundling rule."

          1.    <u>Exception to the "Bundling Rule"</u>  Upon notice to the court, a party may file a motion before briefing is completed if waiting to file until the motion is fully briefed could result in the loss of a right (such as by making it impossible to file a timely appeal).  Nothing in these Individual Practices supersedes a specific time period for filing a motion specified by statute or Federal Rule – including but not limited to Fed. R. Civ. P. 50, 52, 54, 59, and 60, and Fed. R. App. P. 4 – where failure to comply with the specified time period could result in forfeiture of a substantive right.

     **D.**    <u>Oral Argument on Motions</u>  Parties may request oral argument by letter at the time their moving, opposition, or reply papers are filed.  Requests shall be filed in accordance with Rule I(A) above.  The Court will determine whether argument will be heard and, if so, will advise counsel of the argument date.

     **E.**    <u>Discovery Disputes</u>  Unless otherwise directed, counsel should describe their discovery disputes in a <u>single letter, jointly composed</u>.  Separate and successive letters will be returned, unread.  Strict adherence to Fed. R. Civ. P. 37(a)(1), the "meet and confer" rule, is required, and should be described in the joint submission as to time, place, and duration, naming the counsel involved in the discussion.  The joint letter shall describe <u>concisely</u> the issues in dispute and the respective position of each party, with citations for supporting authority.  Letters regarding discovery disputes should be filed in accordance with Rule I(A) above.  Where a formal discovery motion is necessary, follow Local Civil Rule 37.2.

     **F.**    <u>Protective Orders</u>  Parties who wish to obtain a protective order shall consult the Court's Model Protective Order, which is available on the Court's website (http://www.nysd.uscourts.gov/judge/Gardephe).  The proposed protective order should be filed on ECF as an attachment to a cover letter in accordance with Rule I(A) above, and with Rule 18 of the Southern District of New York Electronic Case Filing Rules & Instructions, which is available at http://www.nysd.uscourts.gov/.  If the protective order proposed by the parties

deviates from the Court's Model Protective Order, a blackline showing all deviations shall be provided as a separate exhibit.

G.     Approval of FLSA Settlements   Parties seeking judicial approval of a Fair Labor Standards Act ("FLSA") settlement shall submit a letter to the Court (1) explaining why the proposed settlement reflects a reasonable compromise of disputed issues, rather than a mere waiver of statutory rights, and (2) presenting the Court with sufficient evidence to determine whether the settlement represents a fair and reasonable resolution of the disputes. See Mosquera v. Masada Auto Sales, Ltd., No. 09-CV-4925 (NGG), 2011 WL 282327, at *1 (E.D.N.Y. Jan. 25, 2011). The Court will not approve an FLSA settlement without an explanation from counsel as to why the proposed settlement is fair and reasonable.

H.     Failure of the Court to Schedule Argument or Decide a Motion   If a motion is not decided within 90 days of the time it is fully submitted or of argument, counsel for the movant shall submit a letter to call this fact to the Court's attention.

## V.   SUMMARY JUDGMENT MOTIONS

A.     Any party filing a motion for summary judgment (or partial summary judgment) shall submit with that motion a Local Civil Rule 56.1 Statement. Each numbered paragraph in the Rule 56.1 Statement must contain only one factual assertion. Each factual assertion must be followed by a supporting citation to the record, for example, "Ms. Jones visited Dallas, Texas on July 10, 1989. Smith Aff. ¶ 3; Hays Dep. Tr. 25:7-8."

B.     The party opposing the motion must submit a response to the moving party's 56.1 Statement. The response must contain numbered paragraphs tracking those in the movant's 56.1 Statement, and must state in each paragraph specifically what is admitted and what is disputed, and the basis for any dispute, citing specific portions of the evidentiary record relied upon. Lack of relevance is not a valid reason for refusing to agree that a fact is not in dispute. Each assertion must be a factual assertion, not a legal assertion. Responsive 56.1 Statements must respond to all the allegations of the opponent's 56.1 Statement, and may go on to make additional factual allegations in paragraphs numbered consecutively to those of the moving party (i.e., do not begin re-numbering at 1). If additional factual allegations are made, the opponent must file a responsive 56.1 Statement of its own.

C.     All record authority cited in a 56.1 Statement, such as affidavits, relevant deposition testimony, responses to discovery requests, or other documents containing such evidence, shall be separately filed and served as an appendix to the 56.1 Statement. Each appendix shall include a table of contents, and the relevant record authority shall be submitted in the form of sequentially numbered exhibits.

D.     If multiple parties are submitting 56.1 Statements, they must coordinate their statements to provide for consecutive, non-overlapping, numbered paragraphs in their respective statements.

VI.    COURTESY COPIES

   A.    ECF-Filed Documents Over Five Pages   One courtesy copy of any document
filed on ECF longer than five pages should be sent to Chambers.  Courtesy copies of documents
filed on ECF should be copies of the filed version of the documents printed from ECF with the
automatically generated ECF header (e.g., "Case 1:13-cv-01234-PGG Document 100 Filed
09/3/13 Page 1 of 10").

   B.    Delivery Method   Courtesy copies should be sent via mail or hand delivery.  If
necessary, courtesy copies of less than 10 pages may be sent by fax at (212) 805-7986.  **Hand
delivery and mail are strongly preferred to fax.**  Do not send courtesy copies via multiple
delivery methods.  For hard copies, spiral-bound or stapled copies are preferred over velo-bound
copies.

   C.    Pleadings   Courtesy copies of pleadings, marked as such, shall be submitted to
chambers as soon as practical after filing.  (Please refer to Rules 14 and 18 of the Southern
District of New York Electronic Case Filing Rules & Instructions, available at
http://www.nysd.uscourts.gov/, for more information about filing pleadings.)  Copies of initial
pleadings should be sent to Chambers no later than seven business days before the parties' initial
conference.  (See Rule VII(B) below.)  Courtesy copies of amended pleadings should be
accompanied by a blackline showing all changes from the previously filed pleading.

   D.    Motion Papers   One set of courtesy copies of all motion papers, marked as such,
shall be submitted to chambers at the time the papers are electronically filed.

   E.    Joint Pretrial Order   One set of courtesy copies of the joint pretrial order and all
documents filed or served with the pretrial order should be submitted to Chambers on the date of
filing or service.  Refer to Rule X below.

VII.   CONFERENCES

   A.    Principal Trial Counsel   The attorney who will serve as principal trial counsel
must appear at all conferences with the Court.

   B.    Initial Case Management Conference   The Court will generally schedule a Fed.
R. Civ. P. 16(c) conference approximately 60 days following the filing of a Complaint.  An ECF
notification will be sent to plaintiff's counsel (or defendant's counsel in a case removed from
state court), who will be responsible for distributing copies to all parties.  As further instructed in
the Notice, the parties shall submit a joint letter and proposed case management plan seven days
before the initial conference.  Please refer to the Model Case Management Plan available on the
Court's website (http://www.nysd.uscourts.gov/judge/Gardephe).  The parties' joint letter should
be filed on ECF in accordance with Rule I(A) above, with the proposed case management plan
filed as an attachment.  Courtesy copies of the pleadings should be delivered to Chambers in
accordance with Rule VI above.  **Please do not send courtesy copies of the joint letter and
proposed case management plan.**  Counsel are required to register for electronic filing and file

a notice of appearance before the initial pretrial conference.  Please consult the Southern District of New York Electronic Case Filing Rules & Instructions, available at http://www.nysd.uscourts.gov/, for more information.

## VIII.   APPLICATIONS FOR ENTRY OF DEFAULT JUDGMENT

A party who wishes to obtain a default judgment must proceed by way of an order to show cause and use the procedure set forth in Attachment A.

## IX.   BANKRUPTCY APPEALS

The attention of all counsel is directed to Rules 8016 through 8018 of the Federal Bankruptcy Rules, which provide the dates within which briefs are to be served and filed. Counsel may extend these dates by stipulation submitted to the Court no later than two business days before the brief is due.

## X.   PRETRIAL PROCEDURES

**A.** **Joint Pretrial Orders in Civil Cases** Unless otherwise ordered by the Court, within 30 days from the date for the completion of discovery in a civil case or, if a dispositive motion has been filed, within 30 days of a decision resolving the motion, the parties shall submit to the Court for its approval a joint pretrial order setting forth the information required by Fed. R. Civ. P. 26(a)(3) and the following:

1.   The full caption of the action.

2.   The names, addresses (including firm names), and telephone numbers of trial counsel.

3.   A brief statement by plaintiff as to the basis for subject matter jurisdiction, and a brief statement by each other party as to the presence or absence of subject matter jurisdiction.  Such statements shall include citations to all statutes relied on and relevant facts as to citizenship and jurisdictional amount.

4.   A brief summary by each party of the claims and defenses that party has asserted which remain to be tried, without recital of evidentiary matter but including citations to all statutes relied on.  Such summaries shall identify all claims and defenses previously asserted that are not to be tried.

5.   With respect to each claim remaining to be tried, a statement listing each element or category of damages sought with respect to such claim and a calculation of the amount of damages sought with respect to such element or category.

6.   A statement by each party as to whether the case is to be tried with or without a jury, and the number of trial days needed.

**Eric Rose**

| From: | Wesley Paisley <wesley@cml.legal> |
|---|---|
| Sent: | Tuesday, July 16, 2019 1:50 PM |
| To: | erose@arresources.net |
| Cc: | Daniel Cohen; Edward Kroub |
| Subject: | Chana Fulop |

Mr. Rose,

Thank you very much for bringing this matter to our attention. We conducted extensive follow-up research and we confirm that your company is not, in fact, the defendant in our action, and the actual defendant is Accounts Receivable Resources, Inc. We do not think it is necessary for your company to retain legal counsel for this matter. We appreciate your spirit of cooperation, apologize for the inconvenience, and will take the necessary steps to remove your company from the action.

Respectfully,



**Wesley Paisley** | Attorney
p: 929-575-4175 | f: 929-575-4195
e: wesley@cml.legal | w: cml.legal
a: 300 Cadman Plaza W, 12th floor, Brooklyn, NY 11201

CONFIDENTIALITY NOTICE: This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed and it may contain information that is confidential, privileged, proprietary or otherwise exempt from disclosure under applicable law. If you are not the intended recipient, you are prohibited from copying, disclosing, distributing, disseminating or otherwise using this transmission in any way. If you have received this transmission in error, please immediately notify the sender and delete this transmission and all its attachments from your computer. Thank you.